# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **HALCÓN RESOURCES CORPORATION,** | § § § | **Case No. 19-34446 (DRJ)** |
| **Debtor.** | § § § | |
| Tax I.D. No. 20-0700684 | § § § | **(Emergency Hearing Requested)** |
| | § § § | |
| **In re:** | § § | **Chapter 11** |
| **HALCÓN RESOURCES OPERATING, INC.,** | § § § | **Case No. 19-34447 (DRJ)** |
| **Debtor.** | § § | |
| Tax I.D. No. 03-0544856 | § § § | **(Emergency Hearing Requested)** |
| | § § § | |
| **In re:** | § § | **Chapter 11** |
| **HALCÓN HOLDINGS, INC.,** | § § § | **Case No. 19-34448 (DRJ)** |
| **Debtor.** | § § § | |
| Tax I.D. No. 52-1535102 | § § § | **(Emergency Hearing Requested)** |
| | § § § | |
| **In re:** | § § | **Chapter 11** |
| **HALCÓN ENERGY PROPERTIES, INC.,** | § § § | **Case No. 19-34449 (DRJ)** |
| **Debtor.** | § § § | |
| Tax I.D. No. 02-0685292 | § § § | **(Emergency Hearing Requested)** |
| | § | |

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **HALCÓN PERMIAN, LLC,** | § § | **Case No. 19-34450 (DRJ)** |
| **Debtor.** | § § § | |
| **Tax I.D. No. 81-4676153** | § § | **(Emergency Hearing Requested)** |
| | § § | |
| **In re:** | § § § | **Chapter 11** |
| **HALCÓN FIELD SERVICES, LLC,** | § § | **Case No. 19-34451 (DRJ)** |
| **Debtor.** | § § § | |
| **Tax I.D. No. 45-5240280** | § § | **(Emergency Hearing Requested)** |
| | § § | |
| **In re:** | § § § | **Chapter 11** |
| **HALCÓN OPERATING CO., INC.,** | § § | **Case No. 19-34452 (DRJ)** |
| **Debtor.** | § § § | |
| **Tax I.D. No. 75-2883588** | § § | **(Emergency Hearing Requested)** |
| | § | |

## EMERGENCY MOTION OF DEBTORS PURSUANT
## TO FED. R. BANKR. P. 1015(b) AND LOCAL RULE 1015-1 FOR AN
## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

---

**EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 8, 2019 AT 10:45 AM (PREVAILING CENTRAL TIME) IN COURTROOM 400, 4th FLOOR, 515 RUSK STREET, HOUSTON, TX 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**RELIEF IS REQUESTED NOT LATER THAN AUGUST 8, 2019.**

---

WEIL:\97075203\6\51351.0003

Halcón Resources Corporation and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1.      On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").   The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2.      On August 2, 2019, the Debtors executed a restructuring support agreement (the "**RSA**") with members of an ad hoc group (the "**Ad Hoc Group**" and, collectively with other creditors that sign joinders to the RSA, the "**Consenting Creditors**") that hold approximately 67.3% of the outstanding principal amount under the 6.75% Senior Notes due 2025 issued under that certain indenture, dated as of February 16, 2017 (as amended, modified, or otherwise supplemented from time to time).   Pursuant to the RSA, the Consenting Creditors agreed to vote in favor of and support confirmation of the *Joint Prepackaged Chapter 11 Plan of Halcón Resources Corporation and Its Affiliated Debtors* (the "**Prepackaged Plan**").

3.      Prior to the Petition Date, on August 3, 2019, the Debtors commenced the solicitation of votes from the only class of claims being solicited under the Prepackaged Plan through their *Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Halcón Resources Corporation and Its Affiliated Debtors* pursuant to sections 1125 and 1126(b) of the Bankruptcy Code.   Consistent with their obligations under the RSA, the Debtors are seeking to emerge from chapter 11 on an expedited basis.

3

4.      Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Albert S. Conly in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, sworn to on the date hereof (the "**Conly Declaration**"),[1] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

### Jurisdiction

5.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

6.      By this Motion, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), the Debtors request entry of an order directing consolidation of their chapter 11 cases for procedural purposes only.

7.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Relief Requested Should be Granted

8.      Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Under section 101(2) of the Bankruptcy Code, the term "affiliate" means:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Prepackaged Plan or the Conly Declaration.

WEIL:\97075203\6\51351.0003

(A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

      (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

      (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

(B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

      (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

      (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2).  In addition, Local Rule 1015-1 provides for the joint administration of related chapter 11 cases.  The Debtors are affiliates of one another because Halcón Resources Corporation owns, either directly or indirectly, 100% of the outstanding voting interests in each of the other Debtors.  Accordingly, this Court is authorized to jointly administer these cases for procedural purposes.

      9.     Joint administration of these cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders.  Joint administration will also relieve the Court from entering duplicative orders and maintaining duplicative files and dockets.  The United States Trustee for the Southern District of Texas and other parties in interest will similarly benefit from joint administration of these chapter 11 cases, sparing them the time and effort of reviewing duplicative dockets, pleadings, and papers.

WEIL:\97075203\6\51351.0003

10.     Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates for procedural purposes and does not seek substantive consolidation.  As such, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved.

11.     The Debtors respectfully request that these cases be administered under the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § <br> § | **Chapter 11** |
| **HALCÓN RESOURCES** | § <br> § | |
| **CORPORATION,** *et al.*, | § | **Case No. 19-34446 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Halcón Resources Corporation (0684), Halcón Resources Operating, Inc. (4856), Halcón Holdings, Inc. (5102), Halcón Energy Properties, Inc. (5292), Halcón Permian, LLC (6153), Halcón Field Services, LLC (0280), and Halcón Operating Co., Inc. (3588).  The Debtors' mailing address is 1000 Louisiana St., Suite 1500, Houston, TX 77002.

12.     The Debtors also request that the following notation be entered on the docket in each Debtor's chapter 11 case (other than the chapter 11 case of Halcón Resources Corporation) to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Halcón Resources Corporation, *et al.*  The docket in Case No. 19-34446 (DRJ) should be consulted for all matters affecting this case.

13.     The relief requested herein is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these cases.  Accordingly, the Court should authorize the relief requested.

6

**Notice**

14.     Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Andrew Rosenberg, Esq., Robert Britton, Esq., and Samuel Lovett, Esq.), counsel to the Ad Hoc Group; (iv) Simpson, Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn: Elisha Graff, Esq. and Nicholas Baker, Esq.), counsel to JPMorgan Chase Bank, N.A., as administrative agent under the RBL Agreement; (v) Ballard Spahr LLP, 2000 IDS Center, 80 S. 8th Street, Minneapolis, Minnesota 55402 (Attn: Mark Dietzen, Esq.), counsel to Wilmington Trust, National Association, as administrative agent under the DIP Agreement; (vi) the Internal Revenue Service; (vii) the United States Attorney's Office for the Southern District of Texas; (viii) the Securities and Exchange Commission; (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (x) any other party entitled to notice pursuant to Local Rule 9013 1(d).

**No Previous Request**

15.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

7

WEIL:\97075203\6\51351.0003

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  August 7, 2019
        Houston, Texas

                                      */s/ Alfredo R. Pérez*
                                      WEIL, GOTSHAL & MANGES LLP
                                      Alfredo R. Pérez (15776275)
                                      700 Louisiana Street, Suite 1700
                                      Houston, Texas  77002
                                      Telephone: (713) 546-5000
                                      Facsimile:  (713) 224-9511
                                      Email:  Alfredo.Perez@weil.com

                                      -and-

                                      WEIL, GOTSHAL & MANGES LLP
                                      Gary Holtzer (*pro hac vice* pending)
                                      Lauren Tauro (*pro hac vice* pending)
                                      767 Fifth Avenue
                                      New York, New York  10153
                                      Telephone:  (212) 310-8000
                                      Facsimile:  (212) 310-8007
                                      Email:  Gary.Holtzer@weil.com

                                      *Proposed Attorneys for Debtors*
                                      *and Debtors in Possession*

WEIL:\97075203\6\51351.0003

**<u>Certificate of Service</u>**

I hereby certify that on August 7, 2019, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' proposed claims, noticing, and solicitation agent.

                                   */s/ Alfredo R. Pérez*
                                     Alfredo R. Pérez

**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **HALCÓN RESOURCES CORPORATION,** | § § | **Case No. 19-34446 (DRJ)** |
| **Debtor.** | § § § | |
| **Tax I.D. No. 20-0700684** | § § | |
| **In re:** | § § § | **Chapter 11** |
| **HALCÓN RESOURCES OPERATING, INC.,** | § § § | **Case No. 19-34447 (DRJ)** |
| **Debtor.** | § § | |
| **Tax I.D. No. 03-0544856** | § § § | |
| **In re:** | § § | **Chapter 11** |
| **HALCÓN HOLDINGS, INC.,** | § § § | **Case No. 19-34448 (DRJ)** |
| **Debtor.** | § § § | |
| **Tax I.D. No. 52-1535102** | § § | |
| **In re:** | § § | **Chapter 11** |
| **HALCÓN ENERGY PROPERTIES, INC.,** | § § § | **Case No. 19-34449 (DRJ)** |
| **Debtor.** | § § | |
| **Tax I.D. No. 02-0685292** | § § | |

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **HALCÓN PERMIAN, LLC,** | § | **Case No. 19-34450 (DRJ)** |
| | § | |
| **Debtor.** | § | |
| | § | |
| Tax I.D. No. 81-4676153 | § | |
| ---------------------------------------------------------------- | § | |
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **HALCÓN FIELD SERVICES, LLC,** | § | **Case No. 19-34451 (DRJ)** |
| | § | |
| **Debtor.** | § | |
| | § | |
| Tax I.D. No. 45-5240280 | § | |
| ---------------------------------------------------------------- | § | |
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **HALCÓN OPERATING CO., INC.,** | § | **Case No. 19-34452 (DRJ)** |
| | § | |
| **Debtor.** | § | |
| | § | |
| Tax I.D. No. 75-2883588 | § | |
| ---------------------------------------------------------------- | § | |

**ORDER PURSUANT TO FED. R. BANKR. P. 1015(b) AND LOCAL
RULE 1015-1 DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion, dated August 7, 2019 (the "**Motion**"),[1] of Halcón Resources

Corporation and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and

debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to Bankruptcy

Rule 1015(b) and Local Rule 1015-1 directing joint administration of their chapter 11 cases, all as

more fully set forth in the Motion; and upon consideration of the Conly Declaration; and this Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

§§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding

pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and

such notice having been adequate and appropriate under the circumstances, and it appearing that

no other or further notice need be provided; and this Court having reviewed the Motion; and this

Court having held a hearing to consider the relief requested in the Motion; and all objections, if

any, to the Motion having been withdrawn, resolved, or overruled; and this Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and it appearing that the relief requested in the Motion is in the best interests of the

Debtors and their respective estates and creditors; and after due deliberation and sufficient cause

appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural

purposes only and shall be jointly administered by the Court under Case No. 19-34446 (DRJ).

Additionally, the following checked items are ordered:

☒   One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

☒   Parties may request joint hearings on matters pending in any of the jointly administered cases.

☒   Other:  See below.

3.      Nothing contained in this Order shall be deemed or construed as directing

or otherwise affecting the substantive consolidation of any of the above-captioned cases, the

3

Debtors, or the Debtors' estates.  The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **HALCÓN RESOURCES CORPORATION, *et al.*,** | § § § § | **Case No. 19-34446 (DRJ)** |
| **Debtors.**[1] | § § § § | **(Jointly Administered)** |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Halcón Resources Corporation (0684), Halcón Resources Operating, Inc. (4856), Halcón Holdings, Inc. (5102), Halcón Energy Properties, Inc. (5292), Halcón Permian, LLC (6153), Halcón Field Services, LLC (0280), and Halcón Operating Co., Inc. (3588).  The Debtors' mailing address is 1000 Louisiana St., Suite 1500, Houston, TX 77002.

4.     A docket entry shall be made in each of the above-captioned cases (except the chapter 11 case of Halcón Resources Corporation) substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Halcón Resources Corporation, *et al.*  The docket in Case No. 19-34446 (DRJ) should be consulted for all matters affecting this case.

5.     The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

6.     The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

7.      This Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, or enforcement of this Order.


Dated: _____, 2019
          Houston, Texas

                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE