**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **HALCÓN RESOURCES CORPORATION, *et al.*,** | § | **Case No. 19-34446 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**EMERGENCY MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 105(d), 1102(a), AND 1103 AND FED. R. BANKR. P. 2020 FOR ENTRY OF AN ORDER (I) DISBANDING CREDITORS' COMMITTEE OR (II) IMPOSING FEE CAP**

**EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 18, 2019 AT 9:30 AM (PREVAILING CENTRAL TIME) IN COURTROOM 400, 4th FLOOR, 515 RUSK STREET, HOUSTON, TX 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**RELIEF IS REQUESTED NOT LATER THAN SEPTEMBER 18, 2019.**

Halcón Resources Corporation and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this Motion (the "**Motion**"):

## Background

1. On August 7, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Halcón Resources Corporation (0684), Halcón Resources Operating, Inc. (4856), Halcón Holdings, Inc. (5102), Halcón Energy Properties, Inc. (5292), Halcón Permian, LLC (6153), Halcón Field Services, LLC (0280), and Halcón Operating Co., Inc. (3588). The Debtors' mailing address is 1000 Louisiana St., Suite 1500, Houston, TX 77002.

(the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

2. The Debtors' chapter 11 cases have been jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. On August 2, 2019, the Debtors executed a restructuring support agreement (the "**RSA**") with members of an ad hoc group (the "**Ad Hoc Group**" and, collectively with other creditors that sign joinders to the RSA, the "**Consenting Creditors**") that hold approximately 67.3% of the outstanding principal amount under the 6.75% Senior Notes due 2025 (the "**Senior Notes**") issued under that certain indenture, dated as of February 16, 2017 (as amended, modified, or otherwise supplemented from time to time). Pursuant to the RSA, the Consenting Creditors agreed to vote in favor of and support confirmation of the *Joint Prepackaged Chapter 11 Plan of Halcón Resources Corporation and Its Affiliated Debtors* (the "**Prepackaged Plan**"). Consistent with their obligations under the RSA, the Debtors are seeking to emerge from chapter 11 on an expedited basis.

4. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Albert S. Conly in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, dated August 7, 2019 [Docket No. 27] (the "**Conly Declaration**").[2]

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Prepackaged Plan, the Conly Declaration, or the Scheduling Order (as defined below).

5. On August 9, 2019, the Court entered the Scheduling Order,[3] which, among other things, (i) established September 6, 2019 at 5:00 p.m. (Prevailing Central Time) as the deadline for submission of votes to accept or reject the Prepackaged Plan (the "**Voting Deadline**"), (ii) established September 12, 2019 at 5:00 p.m. (Prevailing Central Time) as the deadline to object to the adequacy of the Disclosure Statement and confirmation of the Prepackaged Plan (the "**Confirmation Objection Deadline**"), and (iii) scheduled the hearing to consider the adequacy of the Disclosure Statement and confirmation of the Prepackaged Plan on September 24, 2019 at 3:00 p.m. (Prevailing Central Time) (the "**Confirmation Hearing**"). *See* Scheduling Order, ¶ 2, 3, 11.

6. On August 15, 2019, Michael Sammons ("**Mr. Sammons**") filed the *Objection of Creditor Michael Sammons to Approval of the Debtors' Disclosure Statement* [Docket No. 171] (the "**Confirmation Objection**").

7. On August 28, 2019, Mr. Sammons filed the *Emergency Motion to Extend Various Plan Voting and Objection Deadlines* [Docket No. 191] (the "**Motion to Extend**") seeking entry of an order extending the Voting Deadline and Confirmation Objection Deadline.

8. On September 3, 2019, Mr. Sammons filed the *Emergency Motion for Appointment of an Unsecured Creditors Committee* [Docket No. 210] (the "**Motion to Appoint**") seeking entry of an order compelling the U.S. Trustee to appoint an official committee of unsecured creditors consisting of himself, his wife, and his adult son.

[3] *Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Prepackaged Plan; (II) Conditionally Approving Disclosure Statement; (III) Approving Prepetition Solicitation Procedures and Form and Manner of Notice of Commencement, Combined Hearing, and Objection Deadline; (IV) Fixing Deadline to Object to Disclosure Statement and Prepackaged Plan; (V) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; (VI) Conditionally (A) Directing the United States Trustee Not to Convene Section 341 Meeting of Creditors and (B) Waiving Requirement of Filing Statements of Financial Affairs and Schedules of Assets and Liabilities; (VII) Approving Rights Offering Procedures; and (VIII) Granting Related Relief* [Docket No. 84] (the "**Scheduling Order**").

9. On September 6, 2019, Mr. Sammons filed the *Motion to Reconsider Order Filed September 4, 2019 "Authorizing Assumption of Backstop Agreement"* [Docket No. 242] (the "**Motion to Reconsider**") seeking reconsideration of the Court's *Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 365(a) and Fed. R. Bankr. P. 6006 for an Order (I) Authorizing Assumption of Backstop Agreement, (II) Approving All Obligations Thereunder, and (III) Granting Related Relief*, dated September 4, 2019 [Docket No. 224].

10. On September 6, 2019, the U.S. Trustee appointed an official committee of unsecured creditors (the "**Creditors' Committee**"), *see* Docket No. 228, consisting solely of Mr. Sammons and SC Fund Management LLC Profit Sharing Plan ("**SC Fund Management**"), which collectively hold approximately $1.661 million or less than .3% of the total aggregate principal amount of the Senior Notes.

## Relief Requested

11. By this Motion, the Debtors seek entry of an order pursuant to sections 105(a), 105(d), 1102(a), and 1103 of the Bankruptcy Code and Bankruptcy Rule 2020 (i) disbanding the Creditors' Committee appointed by the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") or, alternatively, (ii) if the Court determines not to disband the Creditors' Committee, capping the fees and expenses that may be incurred by the Creditors' Committee and its professionals at $100,000 in the aggregate.

12. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Relief Requested Should be Granted

13. While the Bankruptcy Code is silent as to the disbandment of creditors' committees appointed by the U.S. Trustee, courts have ordered the disbandment of a committee in appropriate circumstances. *See e.g.*, *In re City of Detroit, Mich.*, 519 B.R. 673 (2014) ("[T]he

Court is authorized to vacate the appointment of the Committee pursuant to 11 U.S.C. § 105, and that this authority should, in the Court's discretion, be exercised in this case."); *In re JNL Funding Corp.*, 438 B.R. 356, 360 (Bankr. E.D.N.Y. 2010) ("Despite limited case law on this issue, the majority of courts hold[ ] that the bankruptcy court has the inherent power, as well as the statutory authority under Section 105(a), to review acts of the UST, under an 'arbitrary and capricious' or 'abuse of discretion' standard of review."); *In re Pacific Ave., LLC*, 467 B.R. 868, 870 (Bankr. W.D.N.C. 2012) (ordering disbandment of committee under section 105(d) because, among other things, the committee's fees were paid out of the secured lender's cash collateral—which was a "free ride for one group of creditors at the expense of another and the committee was not "necessary to protect the interests of its constituency").

14. Bankruptcy Rule 2020 expressly provides that "any act" by the U.S. Trustee is subject to review by the Bankruptcy Court. *See* Bankruptcy Rule 2020 ("A proceeding to contest any act or failure to act by the United States trustee is governed by [Bankruptcy] Rule 9014"); Bankruptcy Rule 2020, Advisory Committee Notes ("[T]he United States trustee is not a judicial officer and does not resolve disputes regarding the propriety of its own actions. This rule, which is new, provides a procedure for judicial review of the United States trustee's acts or failure to act in connection with the administration of the case.").

15. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(d) of the Bankruptcy Code further provides that,

> the court, on its own motion or on the request of a party in interest . . . shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case; and . . . may issue an order at any such conference prescribing such limitations and conditions as the

> court deems appropriate to ensure that the case is handled expeditiously and economically.

11 U.S.C. § 105(d)(1)-(2).

16. Although section 105(a) of the Bankruptcy Code may not be used to create substantive rights that are not provided for in the code, "section 105(a) can be and should be used to assure that the trustee does not act in an arbitrary or capricious manner." *In re Voluntary Purchasing Groups, Inc*., No. 4:96CV396, 1997 WL 155407, at *3 (E.D. Tex. Mar. 21, 1997) (stating that "[this] Court agrees with other jurisdictions that have held that 11 U.S.C. sec. 105(a) allows the bankruptcy court to review the trustee's decisions on committee appointments"); *see In re First Rep. Bank Corp.*, 95 B.R. 58, 60 (Bankr. N.D. Tex. 1988) (reading section 105 of the Bankruptcy Code to "authorize review of the United States trustee's administrative task" and stating that "the court should use the arbitrary and capricious standard applicable for [its] administrative review."); *Campos–Guardado v. I.N.S.*, 809 F.2d 285, 289 (5th Cir. 1987) (holding that a statute granting the Attorney General discretion is subject to the arbitrary and capricious standard of review by the court).

## A. U.S. Trustee Acted Arbitrarily and Capriciously by Appointing a Creditors' Committee With "Vastly Dissimilar Interests" Compared To All Other Unsecured Creditors

17. It is "well settled" that a creditors' committee owes a fiduciary obligation to its constituency. *Mirant Americas Energy Mktg., L.P. v. Official Comm. of Unsecured Creditors*, No. 02–cv–6274, 2003 WL 22327118, at *4 (S.D.N.Y. Oct. 10, 2003); *see Shaw & Levine v. Gulf & Western Indus., Inc. (In re Bohack Corp.)*, 607 F.2d 258, 262 n.4 (2d Cir. 1979) ("[T]he committee owes a fiduciary duty to the creditors, and must guide its actions so as to safeguard as much as possible the rights of minority as well as majority creditors."); *Johns–Manville Sales Corp. v. Doan (In re Johns–Manville Corp.)*, 26 B.R. 919, 925 (Bankr.

S.D.N.Y 1983) ("Conflicts of interest on the part of the representative persons or committees are . . . not to be tolerated.").

18. Courts have held that an official committee appointed pursuant to 1102(a)(1) of the Bankruptcy Code owes a fiduciary duty to protect the interests of ***all*** unsecured creditors. *See Mirant Americas Energy Mktg., L.P*, 2003 WL 22327118, at *4 ("The principal purpose of creditors' committees is not to advocate any particular creditor class's agenda, but rather to 'strike a proper balance between the parties such that an effective and viable reorganization of the debtor may be accomplished.'"). An official committee need not be an exact replica of the creditor body, but rather must adequately represent various creditor types. *In re Dana Corp.*, 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006).

19. As illustrated by the Confirmation Objection and SC Fund Management's *Objection to Prepackaged Chapter 11 Plan of Halcón Resources Corporation* [Docket No. 220], Mr. Sammons' and SC Fund Management's interests in the appointment of an official committee of unsecured creditors are clearly not about "checks and balances" in these chapter 11 cases or the appointment of a "creditor watchdog." Their interests are not about providing unsecured creditors with a statutory representative or fiduciary. The sole issue here is whether the Debtors' estates should have to bear the litigation expense of Mr. Sammons and SC Fund Management in opposing the Debtors' proposed Prepackaged Plan. Official committees are "not designed to provide a speaker's platform for a particular creditor." *In re Drexel Burnham Lambert Group, Inc.*, 118 B.R. 209, 212-13 (Bankr. S.D.N.Y. 1990); *see In re Shaffer-Gordon Assocs., Inc.*, 40 B.R. 956, 958 (Bankr. E.D. Pa. 1984) ("[T]he function of a statutory committee is 'not to provide a Court sanctioned spokesman, at the cost and expense to the estate, to protect and advocate the interests of creditors in asserted rights against third parties. This can be done, if necessary, by the individual

creditors on their own behalf.'") (internal citations omitted); Transcript of Hearing at 75:13-14, *In re NTK Holdings, Inc.*, No. 09-13611 (Docket No. 232) (noting that "[t]he issue really does boil down to who should pay" in denying motion to compel the appointment of an official committee).

20. In *In re Voluntary Purchasing Grps., Inc.*, No. 4:96CV396, 1997 WL 155407, at *3 (E.D. Tex. Mar. 21, 1997), the District Court for the Eastern District of Texas affirmed the bankruptcy court's decision to remove certain creditors from the committee because they had "vastly dissimilar interests" from the other creditors and none of them were among the largest seven creditors. *Id.* at *3. Mr. Sammons and SC Fund Management's vastly dissimilar interests in relation to other unsecured creditors is most clearly seen by the fact that fewer than three unsecured creditors (all holders of Senior Notes and not general unsecured claims) expressed interest in serving on an official committee of unsecured creditors in these chapter 11 cases.

21. Under the Prepackaged Plan, general unsecured claims are classified in Class 5, are unimpaired, and will be paid or disputed by the Debtors in the ordinary course of business as if the Debtors had not commenced these chapter 11 cases. Notably, the claims held by Mr. Sammons and SC Fund Management do not fall in Class 5, but rather in Class 4, consisting of Senior Notes Claims—a class that is entitled to vote on the Prepackaged Plan and in which more than two-thirds in amount of claims had already agreed, prepetition, to support the Prepackaged Plan pursuant to the RSA. The absence of demand to serve from general unsecured creditors, combined with the fact that the only creditors willing to serve are those with a narrow focus on the recovery to a particular subset of holders of the Senior Notes – those that elect not to participate in the Senior Noteholder Rights Offering – makes the appointing of the Creditors' Committee in these circumstances an inappropriate and unjustifiable use of estate resources. *See In re Garden Ridge Corp.*, No. 04-10324, 2005 WL 523129, at *4 (Bankr. D. Del. Mar. 2, 2005) ("The [o]fficial

[c]ommittee is simply not intended to represent individual creditor interests."); *In re City of Detroit, Mich.*, 519 B.R. at 675 ("The Court concludes that because of the lack of value of the Committee in this case and the likely substantial costs for the fees of the professionals of the Committee, that discretion [to disband the official committee of unsecured creditors] should be exercised in this case."); *In re Hills Stores Co.*, 137 B.R. 4, 7 (Bankr. S.D.N.Y. 1992) (explaining that "[n]owhere does the Code mandate a committee must faithfully reproduce the exact complexion of the creditor body. What is required is adequate representation of various creditor types").

22. With respect to Mr. Sammons in particular, the Debtors have serious doubts as to his ability to represent the interests of all general unsecured creditors as would be required of anyone selected to serve on an official committee of unsecured creditors. In his several filings with the Court, Mr. Sammons has demonstrated that he intends to oppose the Prepackaged Plan irrespective of creditors as a whole – even if it requires accusing the Debtors' management team of fraud without any basis whatsoever. *See* Motion to Reconsider ¶ 4 (stating that the Debtors' "management knew the [Prepackaged] Plan presented a materially inaccurate and fraudulent liquidation analysis"); *Id.* at ¶ 7 ("[T]he material false and fraudulent Disclosure Statement"); *see In re Midstates Petroleum Co., Inc.*, No. 16-32237 (Bankr. S.D. Tex.) (DRJ) (Docket No. 702).

23. Further, the timing of the U.S. Trustee's appointment of the Creditors' Committee – 30 days into these chapter 11 cases and just four business days before the Confirmation Objection Deadline – augments the capriciousness of the U.S. Trustee's appointment of the Creditors' Committee. *See* 11 U.S.C. § 1102(a)(1) (requiring that that the U.S. Trustee appoint the Creditors' Committee "as soon as practicable"). Appointment of the Creditors' Committee at this juncture is unnecessary and is certainly not "as soon as practicable" as required

by section 1102(a)(1) of the Bankruptcy Code. Likewise, section 105(d) of the Bankruptcy Code expressly provides that the Court, on its own motion or on request of a party in interest, may issue an order "to ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d). In light of the timing, the appointment of the Creditors' Committee is not expeditious or economical.

24. Finally, as noted above, the relief sought by Mr. Sammons and SC Fund Management puts these chapter 11 cases and the Prepackaged Plan in jeopardy. By delaying the cases or disrupting confirmation of the Prepackaged Plan, Mr. Sammons and SC Fund Management would materially harm all currently unimpaired general unsecured creditors, to whom they owe a fiduciary duty, in an attempt to increase recoveries for their own impaired Class 4—members of which are already well-represented and negotiated and voted in favor of the Prepackaged Plan.

25. Ultimately, granting this Motion will not deprive Mr. Sammons or SC Fund Management of due process, as Mr. Sammons has suggested in the Motion to Reconsider. Nothing prohibits Mr. Sammons and SC Fund Management from filing additional motions and objections in these chapter 11 cases, and the Debtors will continue to respond to such objections. Indeed, especially in prepackaged cases such as these, the formation of an official committee of general unsecured creditors is rare and certainly not required to satisfy due process. *See, e.g.*, *In re Hills Stores Co.*, 137 B.R. at 8 (explaining that "if the subordinated bondholders believe that the cases would be advanced by their taking a more active role, they are not precluded from forming an unofficial committee, retaining counsel and a financial advisor and seeking reimbursement of their expenses to the extent that they make a substantial contribution to the case, as permitted and even envisioned by § 503(b) of the Code."); *In re NTK Holdings, Inc.*, No. 09-13611 (Docket No. 232)

(denying motion to compel the U.S. Trustee to appoint a general unsecured creditors committee because the proponent of the motion should "pay for the exercise" of opposing the debtors' prepackaged plan rather than the "estate bearing the expense"); Transcript of Hearing at 25:3-27:8, *In re TCI 2 Holdings, LLC*, No. 09-13654 (JHW) (Bankr. D.N.J. 2009) (Docket No. 940) (same); *In re Hawkeye Renewables, LLC*, No. 09-14461 (KJC) (Bankr. D. Del. Mar. 1, 2010) (same).

**B. U.S. Trustee Usurped the Court's Authority to Decide Motion to Appoint**

26. At the time the U.S. Trustee appointed the Creditors' Committee, the issue of whether a Creditors' Committee should be appointed in these chapter 11 cases was scheduled to be heard by the Court on September 18, 2019 at 9:30 a.m. (Prevailing Central Time). *See* Motion to Appoint. As the Motion to Appoint recognized, the Court has a duty to review the U.S. Trustee's decision with respect to the appointment (or failure to appoint) a Creditors' Committee. The U.S. Trustee's decision to appoint the Creditors' Committee in advance of the hearing deprived the Debtors of a chance to respond and the Court of the opportunity to exercise its jurisdiction over a matter submitted to it by the interested parties. Mr. Sammons, the only creditor to request the appointment of a creditors committee in the first 30 days of these chapter 11 cases, should be bound by his decision to submit the question to the Court.

**C. A Fee Cap Should Be Imposed**

27. If, notwithstanding the above, the Court determines not to disband the Creditors' Committee, the Debtors respectfully request that the Court impose a cap on the fees and expenses that may be incurred by the Creditors' Committee and its professionals. Section 1103(a) of the Bankruptcy Code provides that a creditors' committee may, "with the court's approval," employ "attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). In granting such approval, the Debtors request that the Court

limit the Debtors' liability for all fees and expenses incurred by the Creditors' Committee and its professionals to an amount not to exceed $100,000 in the aggregate (the "**Fee Cap**").

28. The imposition of the Fee Cap is necessary and appropriate in the context of these chapter 11 cases. Extensive fees and expenses incurred by the Creditors' Committee could put the Debtors at risk of needing additional debtor-in-possession financing. *See* Initial DIP Budget, attached as Exhibit C to the DIP Financing Motion.[4] The Fee Cap will also prevent duplicative and unnecessary costs of administering these chapter 11 cases. Further, the proposed Fee Cap is reasonable and adequately tailored to ensure that the Creditors' Committee has sufficient resources to participate in these chapter 11 cases for the next two weeks leading up to the Confirmation Hearing.

## Basis for Emergency Consideration

29. The Debtors submit that emergency consideration of the Motion is appropriate given that (i) the Motion to Appoint and Motion to Extend filed by Mr. Sammons, who currently serves as a member of the Creditors' Committee, are scheduled to be heard on September 18, 2019 and (ii) the Confirmation Hearing is currently scheduled for September 24, 2019.

[4] *Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364, 503, and 507(b), and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 23] (the "**DIP Financing Motion**").

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 11, 2019
Houston, Texas

*/s/ Alfredo R. Pérez*

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Gary Holtzer (admitted *pro hac vice*)
Lauren Tauro (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Gary.Holtzer@weil.com
Lauren.Tauro@weil.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**Certificate of Service**

I hereby certify that on September 11, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' claims, noticing, and solicitation agent.

*/s/ Alfredo R. Pérez*
Alfredo R. Pérez

# Exhibit A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **HALCÓN RESOURCES** | § | |
| **CORPORATION, *et al.*,** | § | **Case No. 19-34446 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | **Re: Docket No. ___** |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 105(d), 1102(a)**
**AND FED R. BANKR. P. 2020 DISBANDING CREDITORS' COMMITTEE**

Upon the motion, dated September 11, 2019 (the "**Motion**"),[2] of Halcón Resources Corporation and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a), 105(d), and 1102(a) of the Bankruptcy Code and Bankruptcy Rule 2020 (i) disbanding the Creditors' Committee appointed by the U.S. Trustee or, alternatively, (ii) imposing a Fee Cap, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Halcón Resources Corporation (0684), Halcón Resources Operating, Inc. (4856), Halcón Holdings, Inc. (5102), Halcón Energy Properties, Inc. (5292), Halcón Permian, LLC (6153), Halcón Field Services, LLC (0280), and Halcón Operating Co., Inc. (3588). The Debtors' mailing address is 1000 Louisiana St., Suite 1500, Houston, TX 77002.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted as set forth herein.

2. The Creditors' Committee is hereby disbanded.

3. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ____________________, 2019
Houston, Texas

____________________________________
UNITED STATES BANKRUPTCY JUDGE