IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HALCÓN RESOURCES CORPORATION, | § | Case No. 19-34446 (DRJ) |
| *et al.*,[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

**EMERGENCY MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CONTINUE HEARINGS AND OBJECTION DEADLINES RELATED TO (I) THE JOINT PREPACKAGED CHAPTER 11 PLAN OF HALCÓN RESOURCES CORPORATION AND ITS AFFILIATED DEBTORS; AND (II) THE DISCLOSURE STATEMENT FOR JOINT PREPACKAGED CHAPTER 11 PLAN OF HALCÓN RESOURCES CORPORATION AND ITS AFFILIATED DEBTORS**

> EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON [[]] 2019, AT [[]] IN COURTROOM 400, 4TH FLOOR, BOB CASEY UNITED STATES COURTHOUSE, 515 RUSK AVENUE, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.
>
> RELIEF IS REQUESTED NOT LATER THAN MONDAY, SEPTEMBER 16, 2019.

The Official Committee of Unsecured Creditors (the "Committee") files this *Emergency Motion of Official Committee of Unsecured Creditors to Continue Hearings and Objection Deadlines related to (i) the Joint Prepackaged Chapter 11 Plan of Halcón Resources Corporation and Its Affiliated Debtors; and (ii) the Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Halcón Resources Corporation and Its Affiliated Debtors* (the "Motion") to

---

[1] The "Debtors" in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Halcón Resources Corporation (0684), Halcón Resources Operating, Inc. (4856), Halcón Holdings, Inc. (5102), Halcón Energy Properties, Inc. (5292), Halcón Permian, LLC (6153), Halcón Field Services, LLC (0280), and Halcón Operating Co., Inc. (3588). The Debtors' mailing address is 1000 Louisiana St., Suite 1500, Houston, Texas 77002.

(a) seek an extension of the objection deadline for each of (i) the Joint Prepackaged Chapter 11 Plan of Halcón Resources Corporation and Its Affiliated Debtors ((the "Proposed Plan"), and (ii) the Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Halcón Resources Corporation and Its Affiliated Debtors (the "Disclosure Statement"); and (b) continue the September 24, 2019 hearing (the "Hearing") on (i) the approval of the Disclosure Statement, and (ii) the confirmation of the Proposed Plan.  In support of the Motion and the requested relief, the Committee states the follow.

## I. SUMMARY OF RELIEF REQUESTED

1.  In light of the Debtors' efforts to de-lever its capital structure by equitizing $644,600,000.00 in funded, unsecured debt, the unsecured creditors certainly deserve a fully-briefed advocate to protect their rights.  The unsecured creditors likewise deserve an advocate equipped with a meaningful amount of time to negotiate the Proposed Plan's treatment of the unsecured creditors.  The current plan objection deadlines and hearing schedule do not afford the unsecured creditors these reasonable considerations.  Despite a decidedly aggressive pace for these proceedings, the Committee requests only a slight amount of additional time to conduct its independent analysis of the propriety of the Debtors' Disclosure Statement and Proposed Plan.  With additional time, the Committee intends to caucus with the Debtors to consensually resolve obvious flaws infecting the core of the transactions contemplated by the Proposed Plan.

## II. JURISDICTION AND VENUE

2.  The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

3.  This matter qualifies as core proceeding pursuant to 28 U.S.C. § 157(b).

4.  The matter has venue with this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for relief include sections 105(a) and 1128(a).

### III. BACKGROUND

6. Each of the Debtors commenced a bankruptcy case on August 7, 2019 (the "Petition Date"), by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors remain in possession of the estates, continuing to operate their business pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. Also on the Petition Date, the Debtors filed the Disclosure Statement (ECF No. 19) and the Proposed Plan (ECF No. 20). Along with these pleadings, the Debtors filed a motion (ECF No. 16) seeking to establish a briefing and hearing schedule for the plan confirmation process. The Court approved this relief and entered a corresponding order (ECF No. 84) (the "Scheduling Order"). Pursuant to the Scheduling Order, (a) the Hearing on the Disclosure Statement and the Proposed Plan will go forward on September 24, 2019 at 3:00 p.m. (prevailing Central Time); (b) the objection deadline for the Disclosure Statement and the Proposed Plan lapses on September 12, 2019 at 5:00 p.m. (prevailing Central Time); and (c) the deadline to file a brief in support of the Disclosure Statement or the Proposed Plan lapses on September 19, 2019 at 5:00 p.m. (prevailing Central Time).

8. On September 3, 2019, Michael Sammons filed the *Emergency Motion for Appointment of an Unsecured Creditors Committee* (ECF No. 210), reciting several concerns with the Proposed Plan, such as (a) a liquidation value significantly less than the valuation implied by several letters of interest submitted by corporate suitors of the Debtors; (b) a significant disparity in the distributions awarded to similarly situated creditors; and (c) inappropriately high deductions included in the liquidation valuation proposed by the

Debtors. To examine these defects, Sammons sought the appointment of an unsecured creditors committee with the wherewithal to retain sophisticated counsel to analyze the complex issues involved in the Proposed Plan.

9. The United States Trustee filed a *Notice of Appointment of Committee of Unsecured Creditors* (ECF No. 228) on September 6, 2019. Michael Sammons and SC Fund Management LLC Profit Sharing Plan comprise the two members of the Committee. Two other creditors, J.P. Morgan Investment Management, Inc. and Loomis, Sayles & Company, L.P. applied to be on the committee. U.S. Bank, as Indenture Trustee under the Senior Notes Indenture, also submitted an application, but withdrew it.

10. Acting quickly because of the aggressive plan confirmation timeline, the Committee convened to select counsel on September 7, 2019. At this meeting, the Committee chose Quinn Emanuel Urquhart & Sullivan, LLP as its counsel. Subsequently, the Committee selected Opportune LLP as its financial advisor.

11. After days of negotiations, the Debtors agreed to extend the Committee's objection deadline for the Disclosure Statement and the Proposed Plan from September 12, 2019 to September 19, 2019. As of the time of the filing of this Motion, the Debtors have refused to consent to a continuance of the Hearing on the Disclosure Statement and the Proposed Plan.

12. Further, although the Voting Deadline was September 6, 2019, the Debtors refuse to furnish the Committee with the full record of plan ballots. After nearly a week of constant demands from the Committee, the Debtors circulated certain Class 4 plan ballots. The Committee understands that certain members of Class 4 did not receive timely notice of the Debtors' chapter 11 cases, (*see* ECF No. 258, p. 8) and that additional ballots are now due on September 17. At this time, the Committee cannot determine whether the Debtors produced any

of the Class 4 members affected by defective notice, or how many members failed to receive timely notice in order to submit their ballots.

13.     Because the plan confirmation procedures proposed by the Debtors did not include a deadline for the ballot summary and declaration, the Debtors seem to harbor the mistaken view that they need only file the plan ballots with their exhibit list on September 22, 2019.  This presents a significant problem for the transparency in these chapter 11 cases:  even the Committee's consensually extended objection deadline predates this exchange date by three days.

14.     This case does not conform with pre-packaged plan norms because, at best, it is a pre-negotiated plan with voting results still uncertain.  The Committee learned of at least 95 votes in Class 4 of the Plan that voted to reject.  Coupled with the defective notice outlined above, no one knows whether Class 4 accepted the Proposed Plan.

15.     With the filing of this Motion, the Committee seeks only a reasonable amount of time to (a) analyze the merits of the Debtors' Disclosure Statement and Proposed Plan and object thereto as necessary and prudent; and (b) negotiate with the Debtors.  The Proposed Plan, in its current form, contains several questionable provisions that may countermand the provisions of section 1129 of the Bankruptcy Code.

### IV. RELIEF REQUESTED

16.     The Motion presents a modest request:  The Committee seeks the extension of the plan confirmation timeline.  The Committee desires a reasonable diligence period that will continue each of the objection deadline and the Hearing by a meager amount of time—30 days.

**A. The Debtors Refused the Committee's Request to Address the Plan Confirmation Timeline**

17. Despite proposing to eviscerate $644,600,000 in unsecured funded debt, the Debtors have repeatedly refused the Committee's request to continue the Hearing by a mere 30 days. Meanwhile, the Debtors provide to the Committee a daily trickle of only one or two documents, despite receiving typical informal discovery requests from the Committee. Regrettably, the Committee must report that the Debtors' efforts to prejudice the Committee's access to information in these chapter 11 cases affected (and continues to affect) the Debtors' disclosure of the plan ballots.

**B. Equity Compels the Relief Requested**

18. The Debtors need not grant the Committee a consensual extension of the objection deadline or continue the Hearing. No legal standard requires the Debtors to extend their aggressive plan confirmation timeline. Equity, on the other hand, supports the continuance of the plan confirmation timeline. Disparate unsecured creditors, each with small debt holdings that economically preclude them from retaining counsel, deserve a well-informed committee to protect their rights. The law entitles them to as much. Small creditors and retail noteholders will bear the full economic weight of the Debtors' efforts to reorganize because they are outnumbered by large, institutional investors with claims in Class 4 and squeezed because those same investors hold interests in Class 7.

**C. The Previously-Unrepresented Unsecured Creditors Deserve a Fighting Chance**

19. The Committee recognizes that the Debtors must satisfy many constituents in these chapter 11 cases. Those constituents, however, do not stand to have $644,600,000 in debt obligations discharged. Those constituents, moreover, benefited from the advocacy of capable advisors throughout this restructuring (both before and during these chapter 11 cases). The

unsecured creditors deserve the same level of advocacy. By this Motion, the Committee seeks only the time necessary for the Committee to make a meaningful effort to prosecute and protect the unsecured creditors' rights in these chapter 11 cases.

**D. The Debtors Have Impaired the Committee by Refusing to Produce All of the Plan Ballots**

20. After receiving seven requests to date, the Debtors continue to withhold certain plan ballots from the Committee. Upon producing some, but not all of the plan ballots (*i.e.* some ballots of Class 4 *only*), the Debtors restricted the production with confidentiality limitations. Under these unnecessary confidentiality limitations, the Committee cannot complete the diligence needed to confirm whether the voting process complied with the Debtors' own voting procedures.

21. The Scheduling Order proposed by the Debtors omits a mandatory publication date for the plan ballots. At the current time, the Debtors continue to exploit this ambiguity by restricting the access of all other parties to the ballots. No party, therefore, can fully determine whether the Debtors received a sufficient number of votes to confirm the Proposed Plan. Despite this Court's demand for transparency throughout these chapter 11 cases, the Debtors decline to afford meaningful transparency to the Committee that is duty-bound to insure the confirmation process is fair and transparent.

22. The Debtors' continuing delay in producing all of the plan ballots and then only a veil of secrecy, standing alone, provides sufficient grounds to extend the plan confirmation timeline. Without the Debtors' unnecessary delay in producing the plan ballots, the Committee would have the capacity to begin its negotiations with the Debtors in earnest. But for this delay, the Committee's professionals would have a working draft of a potential objection to the Disclosure Statement and the Proposes Plan in progress. Because of this delay, however, the

Committee cannot begin with meaningful negotiations and drafting. To date, the Committee has identified several potential objections to the Proposed Plan; however, the Committee must review all of the plan ballots under no veil of secrecy before drafting any further pleadings :

| STATUTORY PREDICATE | BRIEF STATEMENT OF BASIS FOR OBJECTION |
|---|---|
| 11 U.S.C. § 1123(a)(4) | Whether arrogating exclusive post-confirmation control or other features renders the treatment of Class 4 creditors functionally |
| 11 U.S.C. § 1129(a)(1), (3), and (5) | Only full discovery will determine whether the Debtors and the parties supporting the Proposed Plan drafted and proposed the Proposed Plan in good faith, consistent with the applicable provisions of the Bankruptcy Code, and not by any means forbidden by law. |
| 11 U.S.C. § 1129(a)(7) | Red flag departures from liquidation analyses in similar cases call into question the provenance of the liquidation analysis in the case and whether Class 4, the only creditor class impaired by the Proposed Plan, will receive not less than the class would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. |
| 11 U.S.C. § 1129(a)(10) | Current information indicates that the Debtors may not carry the numerosity component of section 1126(c) of the Bankruptcy Code. |
| 11 U.S.C. § 1129(b)(1) | If Class 4 does not accept the Plan, certain similarly situated creditors may have received very different recoveries under the Proposed Plan, rendering the Proposed Plan unfairly discriminatory. |
| 11 U.S.C. § 1129(b)(2)(B) | If Class 4 does not accept the Plan, the Debtors' treatment of Class 4 clearly violates the absolute priority rule by making highly valuable distributions to Class 7, a junior class comprised of equity. |

**E.  The Debtors Mischaracterized these Chapter 11 Cases as "Prepackaged"**

23.  In the limited time since its formation, the Committee cannot be assured that Debtors received the required number of affirmative votes to carry Class 4–Senior Notes Claims. Without the benefit of all of the plan ballots, the Committee began a forensic search to determine the likely outcome of the voting record for Class 4. *Compare* Annex 1: Declaration of Thomas H. Day, Loomis, Sayles & Company, L.P. (stating that as investment advisor for several clients holding senior notes included in Class 4, Loomis submitted 66 ballots to reject the Proposed Plan

on behalf of its clients ) *with Motion of Debtor Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 365(a) and Fed. R. Bankr. P. 6006 for an Order (i) Authorizing Assumption of Backstop Agreement, (ii) Approving all Obligations Thereunder, and (iii) Granting Related Relief*, ECF No. 24 (listing 28 senior noteholders participating in the backstop agreement , all of which likely executed a plan ballot in favor of the Proposed Plan); Disclosure Statement, ECF No. 19 (listing the 28 participating senior noteholders as the creditors party to the Debtors' restructuring support agreement (the "RSA Parties")).

24.     The Committee is gathering additional declarations that will show that approximately 95 holders in Class 4 submitted votes to reject the Plan. As the Committee can best determine at the current time, the Debtors likely received the requisite dollar amount to carry Class 4, but may have failed to receive the requisite numerosity to carry Class 4.

25.     Settled law holds that beneficial owners of claims—not record holders—may vote on a plan. *See In re Southland Corp.*, 124 B.R. 211, 227 (Bankr. N.D. Tex. 1991) ("Taking the plain words of Congress in § 1126, only the holder of a claim, or a creditor, or the holder of an interest, may accept or reject a plan.  If the record holder of a debt is not the owner of a claim, or a true creditor, he may not vote validly to accept or reject, unless he is an authorized agent of the creditor, and this authority is established under appropriate Bankruptcy law and rules."); s*ee also e.g.*, *In re City of Colorado Springs Spring Creek Gen. Imp. Dist.*, 177 B.R. 684, 692 (Bankr. D. Colo. 1995) (concluding that the "solicitation process was inadequate and the acceptances obtained are invalid" because each investment firm casted a single vote, "but there is no information to establish that any investment firm held Bonds in street name for only one beneficial holder.").

**F.  Without the Consent of Class 4, the Debtors Cannot Confirm the Proposed Plan**

26. Because of the Debtors' continuing delay in producing all of the plan ballots, the Committee cannot determine its own rights under section 1129(b) of the Bankruptcy Code. Should the Committee determine that the Debtors failed to win the affirmative vote of Class 4, the Debtors will fail to confirm the Proposed Plan.  The significant distributions made under the Plan to Class 7, a class indisputably junior in rights to Class 4, violate section 1129(b)(2)(B). Moreover, the Committee's discovery efforts may illuminate the divergent treatment of creditors included in Class 4.  If they lack reasonable cause, these stark variations in plan treatment run afoul of the Bankruptcy Code.

27. Further, whether or not Class 4 voted for the Plan, the serious questions emanating from the plan valuations and liquidation analysis render a valid decision on the best interests of creditors test impossible.  This Plan provides Class 4 with a paltry 22.1% distribution on their funded debt at the same time as providing existing equity interests with a 9% of the initial stock issuance plus warrants.  Further, because many of the RSA Parties also have significant equity interests, while the balance of Class 4 does not, the confection of the Plan seems geared towards imposing the entire cost of insolvency on the retail and small investors under the same Senior Note Indenture by several devices, including pricing the Senior Noteholder Subscription Rights and the Existing Equity Interest Subscription Rights at the same discount to plan value.  Rather than launching directly into this objection, the Committee prefers to extend the plan confirmation timeline and negotiate for a consensual resolution with the Debtors.

## V. Basis for Emergency Relief

28. Because the Committee has a very limited amount of time to begin preparing its arguments, emergency relief is necessary here.

WHEREFORE the Committee respectfully requests the entry of the proposed order granting the relief requested on the timeline included therein and any other relief as the Court may deem equitable.

Dated:   September 12, 2019
         Houston, Texas

          **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

          By: */s/ Patricia B. Tomasco*
              Patricia B. Tomasco
              Texas State Bar No. 01797600
              Devin van der Hahn
              Texas State Bar No. 24104047
              711 Louisiana, Suite 500
              Houston, Texas 77002
              Telephone: 713-221-7000
              Facsimile: 713-221-7100
              pattytomasco@quinnemanuel.com
              devinvanderhahn@quinnemanuel.com

          **PROPOSED COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

## **CERTIFICATE OF SERVICE**

      I, Patricia B. Tomasco, hereby certify that on September 12, 2019, a true and correct copy of the foregoing document was served via the ECF system, to the parties on the ECF service list.

                                      */s/ Patricia B. Tomasco*
                                      Patricia B. Tomasco