**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HALCÓN RESOURCES CORPORATION, *et al.*,[1] | § | Case No. 19-34446 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

**APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

[1] The "Debtors" in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Halcón Resources Corporation (0684), Halcón Resources Operating, Inc. (4856), Halcón Holdings, Inc. (5102), Halcón Energy Properties, Inc. (5292), Halcón Permian, LLC (6153), Halcón Field Services, LLC (0280), and Halcón Operating Co., Inc. (3588). The Debtors' mailing address is 1000 Louisiana St., Suite 1500, Houston, Texas 77002.

**TO THE UNITED STATES BANKRUPTCY JUDGE DAVID R. JONES**:

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in the cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors") respectfully submit this Application for Order Authorizing the Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Counsel to the Official Committee of Unsecured Creditors (the "Application") to employ Quinn Emmanuel Urquhart & Sullivan, LLP ("Quinn Emanuel" or the "Firm") as the Official Committee's counsel as of September 7, 2019, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules"). In support of this Application, the Official Committee submits the Declaration of Patricia B. Tomasco (the "Tomasco Declaration"), attached hereto as Exhibit A, and the Declaration of Edward A. Collery (the "Collery Declaration"), solely in his capacity as the Chairman of the Official Committee, attached hereto as Exhibit B.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of the Debtors' chapter 11 cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief requested in this Application is sought pursuant to 11 U.S.C. §§ 105, 328(a), 503, 507, and 1107(a).

## II. BACKGROUND

3. On August 7, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their

businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 6, 2019, the United States Trustee for the Southern District of Texas (the U.S. Trustee") appointed the Official Committee, consisting of two members: SC Fund Management LLC Profit Sharing Plan and Michael Sammons. *See* Notice of Appointment of Committee of Unsecured Creditors (ECF No. 228).

5. On or about September 7, 2019, the Official Committee selected Quinn Emanuel as its proposed counsel. On or about September 9, 2019, the Official Committee selected Ned Collery as its Chair.

6. On September 11, 2019, the Debtors filed an Emergency Motion Pursuant to 11 U.S.C. §§ 105(a), 105(d), 1102(a), and 1103 and Fed. R. Bankr. P. 2020 for Entry of an Order (I) Disbanding Creditors' Committee or (II) Imposing Fee Cap (the "Emergency Motion") (ECF No. 254). A joinder was filed in support of the Emergency Motion by the Ad Hoc Group (ECF No. 260) on September 12, 2019. A hearing was scheduled on the Emergency Motion for September 18, 2019.

7. On September 17, 2019, the Official Committee filed an Objection to Debtors' Emergency Motion (ECF No. 279), as did the Acting United States Trustee (ECF No. 280).

8. On September 18, 2019, just prior to the hearing, Michael Sammons tendered his resignation from the Official Committee via an email to the United States Trustee, Quinn Emanuel, and Ned Collery, Chairman of the Official Committee. *See* UCC resignation email by Michael Sammons (ECF No. 283).

9. With the resignation of Michael Sammons, the United States Trustee disbanded the Official Committee. *See* Notice of Acting United States Trustee's Disbandment of the Committee of Unsecured Creditors (ECF No. 286).

10. With this Application, the Official Committee requests the retention of Quinn Emanuel as counsel to the Official Committee during the period September 7, 2019, through and including September 18, 2019.

## III. RELIEF REQUESTED

11. By this Application, and pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Official Committee requests entry of an order approving the employment and retention of Quinn Emanuel as its counsel effective as of September 7, 2019.

### A. Necessity of Retention of Counsel and Scope of Services

12. The Official Committee determined that the retention of counsel is necessary to fulfilling its fiduciary role in the chapter 11 cases, and that the employment of Quinn Emanuel would be in the best interest of the estates. Section 328(a) of the Bankruptcy Code empowers committee appointment under section 1102 of the Bankruptcy Code to employ, with the Court's approval, attorneys under section 1103 of the Bankruptcy Code on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis, to perform services for such committee. Quinn Emanuel agreed to serve as counsel to the Official Committee and to receive compensation on an hourly basis, plus reimbursement of the actual and necessary expenses that it incurs, subject to the approval of this Court, in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and Local Rules, and/or any other orders of the Court.

13. The Official Committee anticipates that Quinn Emanuel will, in connection with these chapter 11 cases and subject to orders of this Court, primarily through Ms. Tomasco, provide a range of services to the Official Committee including, but not limited, to the following:

- provide legal advice and services to the Official Committee;
- draft, review and comment of proposed drafts of pleadings to be filed with the Court;
- at the request of the Official Committee, appear in Court and at any meeting with the Debtors and/or their professionals at any given time on behalf of the Official Committee as its counsel; and
- perform all other services assigned by the Official Committee to Quinn Emanuel as counsel to the Official Committee.

**B. Compensation**

14. Quinn Emanuel's fees are determined on the basis of time billed at hourly rates. The Firm's hourly rates vary with the experience and seniority of its attorneys and paralegals, and are adjusted from time to time. Work is assigned among attorneys and other professionals so as to meet the Official Committee's needs, including timing requirements, in an economically efficient manner. The Firm did not vary from, or agree to any alternatives to, its standard or customary billing arrangements for this engagement.

15. Expenses related to the Firm's services will be included in the Firm's first and final fee application for compensation, which may include third-party disbursements, such as messenger charges, filing and recording fees, and other costs. It is the Firm's intent to bill such expenses at the Firm's cost. Certain other expenses, such as photocopyng, computerized research, and long distance tolls, will be billed in accordance with the Firm's standard schedule of charges.

16. The Firm's customary fees and expenses incurred in connection with this representation are to be paid out of the Debtors' estates. Quinn Emanuel will apply to this Court

for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and/or any other orders of the Court.

17. Patricia B. Tomasco's hourly rate is $1,150.00. The rates of other attorneys in the Firm range from $595.00 to $1,550.00 an hour and paralegal rates range from $295.00 to $330.00 an hour. The rates are consistent with rates that Quinn Emanuel charges in other comparable chapter 11 cases, with no variation based upon the geographical location of a case.

**C. <u>The Firm's Qualifications</u>**

18. The Official Committee seeks to retain Patricia B. Tomasco and the law firm of Quinn Emanuel as set forth herein because of Ms. Tomasco's extensive knowledge of the oil and gas sector and chapter 11 business organization, as well as her experience and practice in Texas and this District. Ms. Tomasco and Quinn Emanuel are well-qualified by their experience and their familiarity with the case to serve as counsel to the Official Committee in these proceedings.

**D. <u>Quinn Emanuel is Disinterested</u>**

19. The first prong of 11 U.S.C. § 327(a) provides that employment under that section requires that the professional not "hold or represent an interest adverse to the estate."

20. The second prong of section 327(a) provides that any person (or firm) retained by the trustee must also be "disinterested." Section 101(14)(E) of the Bankruptcy Code defines a "disinterested" person as one who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor." 11 U.S.C. § 101(14)(E). Quinn Emanuel is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14), and does not hold or represent any interest adverse to the Official Committee with respect to the matters upon

which it is to be employed. *See* In re Caldor, Inc., 193 B.R. 165, 172 (Bankr. S.D.N.Y. 1996) (discussing parameters of disinterestedness as applied to committee professionals).

21. As noted by Judge Atlas, the Bankruptcy Code's definition of "disinterested" implicates only the personal interests of the professional sought to be retained. *In re Contractor Technology, Ltd.* Civ. No. H-05-3212, 2006 U.S. Dist. LEXIS 34466, at *22 (S.D.Tex. 2006) (citing *In re AroChem Corp*., 176 F.3d 610, 629 (2d Cir. 1999)). "Accordingly, to violate the requirements of § 101(14)(E), the professional personally must 'have' the prohibited interest; and the representation of an adverse interest cannot be imputed to the professional." *Id.; see also In re AFI Holdings, Inc.,* 530 F.3d 832, 848 (9th Cir. 2008) (concluding that the definition of disinterested "was intended to disqualify only creditors with personal claims and those 'holding' pre-petition adverse interest, not [persons] having claims in a representative capacity"). Thus, Quinn Emanuel is disinterested because it does not "have" any prohibited adverse interest. *See, e.g., Big Rivers Elec. Corp.*, 355 F.3d at 439.

**E. Other Requirements**

22. As more fully described in the Tomasco Declaration, Quinn Emanuel has in the past represented, currently represents, and may in the future represent entities that are creditors of the Debtors in matters wholly unrelated to the Debtors or this bankruptcy case. Such representations will not impact Quinn Emanuel's ability to fulfill its obligations as counsel to the Official Committee as allowed by 11 U.S.C. §§ 327(a), 327(c), and 1103(b).

23. The Official Committee seeks approval to retain the Firm pursuant to section 328(a) of the Bankruptcy Code. Section 328(a) provides that a committee appointed under section 1102, subject to court approval:

> [M]ay employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions

of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a). In addition, Bankruptcy Rule 2014(a) requires that an application for retention include the following: (1) specific facts showing the necessity for the employment; (2) the name of the firm to be employed; (3) the reasons for the selection; (4) the professional services to be rendered; (5) any proposed arrangement for compensation; and (6) to the best of the applicant's knowledge, all of Quinn Emanuel's connections with the debtor, creditor, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any personnel employed in the Office of the United States Trustee.

WHEREFORE, PREMISES CONSIDERED, the Official Committee requests that this Court enter an order allowing the appointment of Quinn Emanuel Urquhart & Sullivan, LLP as counsel herein, upon the terms described in this Application, and for such other relief as is just.

Respectfully submitted this 7th day of October, 2019.

The Official Committee of Unsecured Creditors of Halcón Resources Corporation, *et al.*

By: /s/ Edward A. Collery
Edward A. Collery
Chairman of the Official Committee of Halcón Resources Corporation, et al.

**CERTIFICATE OF SERVICE**

I, Patricia B. Tomasco, hereby certify that on the 7th day of October, 2019, a copy of the foregoing Application was served to the parties on the Master Service List via the Clerk of the Court through the ECF filing system and/or via first class mail, postage prepaid.

/s/ Patricia B. Tomasco
Patricia B. Tomasco