**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HALCÓN RESOURCES CORPORATION, *et al.*,[1] | § | Case No. 19-34446 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

## Chapter 11 Fee Application Summary

| | | |
|---|---|---|
| Name of Applicant: | Quinn Emanuel Urquhart & Sullivan, LLP | |
| Applicant's Role in Case: | Counsel to the Official Committee of Unsecured Creditors | |
| Date Order of Employment Signed: | Pending | |
| | Beginning of Period | End of Period |
| Time period covered by this Application | September 7, 2019 | October 7, 2019 |
| Time period(s) covered by prior Applications: | N/A | N/A |
| Total amounts awarded in all prior Applications: | N/A | |
| Total fees requested in this Application: | $168,480.50 | |
| Total professional fees requested in this Application: | $150,264.50 | |
| Total actual professional hours covered by this Application: | 162.3 | |
| Average hourly rate for professionals: | $925.84 | |
| Total paraprofessional fees requested in this Application: | $18,216.00 | |

[1] The "Debtors" in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Halcón Resources Corporation (0684), Halcón Resources Operating, Inc. (4856), Halcón Holdings, Inc. (5102), Halcón Energy Properties, Inc. (5292), Halcón Permian, LLC (6153), Halcón Field Services, LLC (0280), and Halcón Operating Co., Inc. (3588). The Debtors' mailing address is 1000 Louisiana St., Suite 1500, Houston, Texas 77002.

| | |
|---|---|
| Total actual paraprofessional hours covered by this Application: | 55.2 |
| Average hourly rate for paraprofessionals: | $330.00 |
| Reimbursable expenses sought in this Application: | $977.95 |
| Total to be Paid to Priority Unsecured Creditors: | |
| Anticipated % Dividend to Priority Unsecured Creditors: | 100% |
| Total to be Paid to General Unsecured Creditors: | |
| Anticipated % Dividend to General Unsecured Creditors: | 100% |
| Date of Confirmation Hearing: | September 24, 2019 |
| Indicate whether a plan has been confirmed: | yes |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HALCÓN RESOURCES CORPORATION, *et al.*,[1] | § | Case No. 19-34446 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

**QUINN EMANUEL URQUHART & SULLIVAN, LLP'S
FIRST AND FINAL APPLICATION FOR PAYMENT OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
SEPTEMBER 7, 2019, THROUGH OCTOBER 7, 2019**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE UNITED STATES BANKRUPTCY JUDGE DAVID R. JONES:

Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") makes this First and Final Application for Payment of Compensation and Reimbursement of Expenses for the Period from

[1] The "Debtors" in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Halcón Resources Corporation (0684), Halcón Resources Operating, Inc. (4856), Halcón Holdings, Inc. (5102), Halcón Energy Properties, Inc. (5292), Halcón Permian, LLC (6153), Halcón Field Services, LLC (0280), and Halcón Operating Co., Inc. (3588). The Debtors' mailing address is 1000 Louisiana St., Suite 1500, Houston, Texas 77002.

September 7, 2019, through October 7, 2019 (the "Application"), for allowance of compensation for professional services provided in the amount of $168,480.50 and reimbursement of actual and necessary expenses in the amount of $977.95 that Quinn Emanuel incurred for the period from September 7, 2019, through October 7, 2019 (the "Application Period"), as counsel to the Official Committee of Unsecured Creditors (the "Official Committee") in the above-captioned case, and fees in the amount of $5,000.00 for the preparation and filing of this Application and respectfully represents as follows:

## I. JURISDICTION

1. Quinn Emanuel submits this Application pursuant to sections 330 and 331 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), rule 2016 of the Bankruptcy Local Rules (the "Local Rules") and in recognition of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "US Trustee Guidelines").

2. Pursuant to 28 U.S.C. § 1334, jurisdiction lies in this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue properly lies in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. RELIEF REQUESTED

3. Quinn Emanuel requests that the Court enter an order allowing Quinn Emanuel's compensation for professional services rendered during the Application Period in the amount of $168,480.50, reimbursement of actual and necessary expenses incurred by Quinn Emanuel in the amount of $977.95, and fees in the amount of $5,000.00 for the drafting and filing of this Application.

## III. BACKGROUND

4. On August 7, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 6, 2019, the United States Trustee for the Southern District of Texas (the U.S. Trustee") appointed the Official Committee, consisting of two members: SC Fund Management LLC Profit Sharing Plan and Michael Sammons. *See* Notice of Appointment of Committee of Unsecured Creditors (ECF No. 228).

6. On or about September 7, 2019, the Official Committee selected Quinn Emanuel as its proposed counsel. On or about September 9, 2019, the Official Committee selected Ned Collery as its Chair.

7. On September 11, 2019, the Debtors filed an Emergency Motion Pursuant to 11 U.S.C. §§ 105(a), 105(d), 1102(a), and 1103 and Fed. R. Bankr. P. 2020 for Entry of an Order (I) Disbanding Creditors' Committee or (II) Imposing Fee Cap (the "Emergency Motion") (ECF No. 254). A joinder was filed in support of the Emergency Motion by the Ad Hoc Group (ECF No. 260) on September 12, 2019. A hearing was scheduled on the Emergency Motion for September 18, 2019.

8. On September 17, 2019, the Official Committee filed an Objection to Debtors' Emergency Motion (ECF No. 279), as did the U.S. Trustee (ECF No. 280).

9. On September 18, 2019, just prior to the hearing, Michael Sammons tendered his resignation from the Official Committee via an email to the U.S. Trustee, Quinn Emanuel, and

Ned Collery, Chairman of the Official Committee. *See* UCC resignation email by Michael Sammons (ECF No. 283).

10. With the resignation of Michael Sammons, the U.S. Trustee disbanded the Official Committee. *See* Notice of Acting United States Trustee's Disbandment of the Committee of Unsecured Creditors (ECF No. 286).

11. On October 7, 2019, Official Committee filed the Application for Order Authorizing the Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Counsel to the Official Committee of Unsecured Creditors (the "Retention Application") (ECF No. 344). At the time of the filing of this Application, Quinn Emanuel's Retention Application is pending before this Court.

12. During the Application Period, Quinn Emanuel provided legal advice and services regarding local rules, practices, and procedures affecting numerous Official Committee issues, including assisting with the following:

a. providing legal advice and services to the Official Committee;

b. drafting, reviewing, and commenting on proposed drafts of pleadings to be filed with the Court;

c. appearing in Court and in meetings on behalf of the Official Committee; and

d. performing all other services assigned by the Official Committee to Quinn Emanuel as counsel to the Official Committee.

13. Key steps completed in these cases during this Application Period include the following:

a. The drafting and filing of the following pleadings and corresponding orders:

i. Emergency Motion of Official Committee of Unsecured Creditors to Continue hearings and Objection Deadlines Related to (I) the Joint Prepackaged Chapter 11 Plan of Halcón Resources

Corporation and its Affiliated Debtors; and (II) the Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Halcón Resources Corporation and its Affiliated Debtors (ECF No. 258);

ii. Emergency Motion of Debtors Pursuant to 11 U.S.C. §§ 105(A), 105(D), 1102(A), and 1103 and Fed. R. Bankr. P. 2020 for Entry of an Order (I) Disbanding Creditors' Committee or, Imposing Fee Capping (ECF No. 279);

iii. Objection of the Official Committee of Unsecured Creditors to (I) Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Halcón Resources Corporation and its Affiliated Debtors; and (II) Joint Prepackaged Chapter 11 Plan of Halcón Corporation and its Affiliated Debtors (ECF No. 281);

iv. Application for Order Authorizing the Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Counsel to the Official Committee of Unsecured Creditors (ECF No. 344); and

v. Application of the Official Committee of Unsecured Creditors Pursuant to Fed. R. Bankr. P. 2014(a) for Order Under Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention of Opportune LLP as Financial Advisor to the Official Committee of Unsecured Creditors (ECF No. 345).

(b) communicating with the Debtors regarding the Joint Prepackaged Chapter 11 Plan of Halcón Resources Corporation and its Affiliated Debtors (the "Plan");

(c) obtaining the ballots from the Debtors and reviewing same to verify that the ballot summary was correct and each ballot was counted correctly;

(d) communicating with the Official Committee concerning the Plan and problems with the ballots;

(e) attending hearings on behalf of the Official Committee; and

(f) communicating with the Official Committee and U.S. Trustee regarding the composition of the Committee.

## IV. TERMS AND CONDITIONS OF EMPLOYMENT AND COMPENSATION

14. The terms and conditions of Quinn Emanuel's employment by the Official Committee and compensation to be paid to Quinn Emanuel by the Debtors are specifically outlined in the Retention Application. *See* ECF No. 344. As set forth in the Retention Application, Quinn

Emanuel's customary fees and expenses incurred in connection with this representation are to be paid out of the Debtors' estates.

## V. PROFESSIONAL SERVICES PROVIDED BY QUINN EMANUEL TO THE COMMITTEE

15. Quinn Emanuel assisted the Official Committee in (a) challenging the confirmation of the Plan; (b) providing legal advice concerning local rules, practices, and procedures relevant to these cases; and (c) reviewing and providing comments on drafts of pleadings or other documents prepared for filing with the Court. The following is a summary, by matter, of the significant professional services Quinn Emanuel rendered during the Application Period.

a. **Case Administration:** Fees: $54,426.50; Hours: 71.8. The tasks performed in this category include interviewing financial advisory candidates, drafting and reviewing Official Committee bylaws, drafting the Committee's Motion to Establish and Approve Information Sharing Methodology and Establishing Related Protocols, reviewing the Emergency Motion and drafting a response to same, preparing for the hearing on the Motion to Disband, and reviewing the Pacer docket and calendaring hearing dates and deadlines.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Patricia B. Tomasco | $1,150.00 | 23.1 | $26,565.00 |
| Devin van der Hahn | $860.00 | 7.1 | $6,106.00 |
| Stella Li | $655.00 | 24.7 | $16,178.50 |
| Barbara J. Howell | $330.00 | 16.9 | $5,577.00 |
| **Total** | | **71.8** | **$54,426.50** |

b. **Corporate Governance and Board Matters:** Fees: $2,090.00; Hours: 2.2. The tasks performed in this category include revising the governance term sheet.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Daniel Holzman | $950.00 | 2.2 | $2,090.00 |
| **Total** | | **2.2** | **$2,090.00** |

c. **Employment and Fee Applications:** Fees: $6,679.00; Hours: 18.5. The tasks performed in this category include drafting and filing the Retention Applications on behalf of Quinn Emanuel and Opportune LLP.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Patricia B. Tomasco | $1,150.00 | .7 | $805.00 |
| Barbara J. Howell | $330.00 | 17.8 | $5,874.00 |
| **Total** | | **18.5** | **$6,679.00** |

d. **Non-Working Travel:** Fees: $559.00; Hours: 1.3. These fees relate to the attendance at the hearing on the Emergency Motion. Pursuant to the US Trustee Guidelines, travel time is compensable at one-half rates. Quinn Emanuel, for a trip, billed the Debtors one-half of the trip travel time and those hours are reflected below.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Devin van der Hahn | $430.00 | 1.3 | $559.00 |
| **Total** | | **1.3** | **$559.00** |

e. **Plan and Disclosure Statement:** Fees: $104,726.00; Hours: 123.7. The tasks performed in this category include reviewing the Plan, disclosure statement, and any related documents, communicating with the Debtors and financial advisors regarding the Plan and voting procedures, researching and drafting the Emergency Motion of the Official Committee of Unsecured Creditors to Continue Hearings and Objection Deadlines Related to (I) the Joint Prepackaged Chapter 11 Plan of Halcón Resources Corporation and its Affiliated Debtors' and (II) the Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Halcón Resources Corporation and its Affiliated Debtors (the "Motion to Continue"), researching the vote count of beneficial holders versus custodian, drafting discovery regarding the Plan and solicitation information, and reviewing discovery received from the Debtors.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Patricia B. Tomasco | $1,150.00 | 36.0 | $41,400.00 |
| Razmig Izakelian | $865.00 | 3.9 | $3,373.50 |
| Devin van der Hahn | $860.00 | 57.2 | $49,192.00 |
| Stella Li | $655.00 | 6.1 | $3,995.50 |
| Barbara J. Howell | $330.00 | 20.5 | $6,765.00 |
| **Total** | | **123.7** | **$104,726.00** |

## VI. COMPENSATION REQUESTED

16. In this Application, Quinn Emanuel seeks approval of $168,480.50 in fees and $977.95 in expenses incurred from September 7, 2019, through October 7, 2019. Quinn Emanuel is also seeking fees in the amount of $5,000.00 for the drafting and filing of this Application. Pursuant to the US Trustee Guidelines, Exhibit A is the chart reflecting customary and comparable compensation disclosures with fee applications, Exhibit B is a chart summarizing the timekeepers included in this Application, Exhibit C is the budget, and Exhibit D is a chart with a summary of compensation requested by project category. The blended rate for Quinn Emanuel timekeepers in this Application is $774.62.

17. Because Quinn Emanuel's retention lasted for only one month, it did not file any Monthly Fee Statements.

18. The Application readily meets the standards of section 331 and applicable case law for compensation for services rendered on behalf of the Debtors' estates and for the administration of these cases. The Fifth Circuit recently reorganized the contours of the requirements for allowance of compensation under section 330 in *Barron & Newburger, P.C. v Tex. Skyline, Ltd., (In re Woerner)*, 783 F.3d 266 (5th Cir. 2015). In Woerner, the Fifth Circuit held that a court would allow compensation to an attorney for services that are "reasonably likely to benefit" the estate and that a court should adjudge the reasonableness of requested compensation" at the time at which

the service was rendered." Id., at 273-74. All of the compensation requested in the Application meets the requirements of section 331 as delineated by the Fifth Circuit and should be approved.

19. Quinn Emanuel provided necessary and beneficial services to the Official Committee through assisting the Official Committee in myriad ways. The time Quinn Emanuel spent on services rendered and the rates charged for such services were reasonable and necessary to fully protect the Debtors' estates consistent with Quinn Emanuel's role as counsel to the Official Committee, and to maximize the dividend to creditors, in line with the Johnson[2] factors adopted by the Fifth Circuit in *In re First Colonial Corp*., 544 F.2d 1291, 1299 (5th Cir. 1977), as follows:

**a. The Time and Labor Required**

20. As further illustrated by the fee breakdown in the Summary Cover Sheet, the amount of time spent by Quinn Emanuel professionals and paraprofessionals on this case for the Application Period is 217.5 hours.

**b. The Novelty and Difficulty of the Questions Presented by the Case**

21. This case has presented difficult questions of fact and law relevant to both bankruptcy and applicable nonbankruptcy law.

**c. The Skill Requisite to Perform the Legal Services Properly**

22. Quinn Emanuel possesses the skill required to properly perform the legal service involved, in particular bankruptcy law expertise, as well as practice experience before this court, and knowledge of its local rules.

2 *See Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974).

**d. The Preclusion of Other Employment by the Attorneys due to Acceptance of this Case**

23. Attorneys at Quinn Emanuel were necessarily precluded from employment on other cases by the size and exigency of this case. The Official Committee's role during the Application Period moved at an expedient pace requiring quick attention and open availability from Quinn Emanuel attorneys.

**e. The Customary Fee for Similar Work in the Community**

24. The fees charged by Quinn Emanuel compare favorably with the fees charged by other counsel in similar cases in this jurisdiction. Quinn Emanuel sets its fees consistent with available market data for similarly sized and situated firms given the years of experience of each attorney. In addition, Quinn Emanuel employs associates and a paralegal on this case in lieu of a single attorney, resulting in a blended rate of $774.62 per hour. Quinn Emanuel's blended rate compares favorably with hourly rates charged by practitioners in cases of this size.

**f. Whether the Fees are Fixed or Contingent**

25. Quinn Emanuel attorneys in this case do not charge either fixed or contingent fees.

**g. Time Pressures Imposed by the Client or Circumstances**

26. The circumstances of the bankruptcy case imposed time pressures due to the need to take steps to confirm a plan of reorganization and meet other deadlines and exigencies.

**h. The Amount Involved and Results Obtained as a Result of the Attorney Services**

27. As a result of Quinn Emanuel's services, strategy, and efficiency as counsel to the Official Committee, various individual creditors and creditor fiduciaries could properly investigate, voice concerns and raise objections through an organized and streamlined format. Although the United States Trustee disbanded the Official Committee after one member resigned,

the representation of the Official Committee helped uncover and resolve many concerns held by a the general unsecured creditor body.

**i. The Experience, Reputation, and Ability of the Attorneys**

28. The Quinn Emanuel attorneys involved in the work on behalf of the Official Committee represent decades of experience, including representation of chapter 11 debtors and committees. The Quinn Emanuel attorneys bring extensive experience in bankruptcy law to these bankruptcy cases and have substantial experience practicing in this Court and extensive familiarity with applicable Fifth Circuit bankruptcy law necessary to represent the Official Committee.

**j. The Undesirability of the Cases**

29. Every bankruptcy case carries some risks due to the uncertainty of payment stemming from the relatively unknown value of the debtor's principal assets and the debtor's ability to pay administrative fees and costs. These cases presented no additional undesirable elements.

**k. The Nature and Length of the Professional Relationship with the Client**

30. As stated in the Retention Application, the Official Committee selected Quinn Emanuel as its proposed counsel on September 7, 2019. Quinn Emanuel did not have a prior relationship with the Official Committee.

**l. Awards in Similar Cases**

31. The fees herein requested are in line with fee awards approved in similar cases by counsel with similar sophistication and experience.

32. In conclusion, the services provided by Quinn Emanuel have been necessary to the administration of the Committee and beneficial at the time at which the services were rendered. Further, Quinn Emanuel performed the services within a reasonable amount of time commensurate

with the complexity, importance, nature of the problems, issues, and tasks addressed on behalf of the Committee. Finally, the compensation sought is reasonable based on the customary compensation charged by comparably skilled practitioners in cases under title 11 of the district. Quinn Emanuel requests that the Court determine the nature, extent, and value of these services were appropriate under the circumstances at the time the services were rendered.

## IV. STATEMENT PURSUANT TO THE US TRUSTEE GUIDELINES

Pursuant to the US Trustee Guidelines, Quinn Emanuel states as follows:

Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

Response: No.

If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher than 10% or more, did you discuss the reasons for the variation with the Client?

Response: A budget was not prepared in this case.

Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response: No.

Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

Response: No.

Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response: No.

If the fee application includes any rate increase since retention:

a. Did your client review and approve those rate increases in advance?

ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not to agree to modify rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458.

Response: This Application does not include any rate increases.

WHEREFORE, PREMISES CONSIDERED, Quinn Emanuel Urquhart & Sullivan, LLP requests that this Court enter an order granting this first and final allowance of compensation for professional services rendered during the Application Period in the amount of $168,480.50, reimbursement of actual and necessary expenses incurred by Quinn Emanuel Urquhart & Sullivan, LLP during the Application Period in the amount of $977.95, and payment of fees in the amount of $5,000.00 for the preparation and filing of this Application, authorizing and directing the

Debtors to pay the fees and expenses as requested, and grant such other and further relief as is just and proper.

Respectfully submitted this 8th day of November, 2019.

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
711 Louisiana St., Suite 500
Houston, Texas 77002
713.221.7000 – Telephone
713.221.7100 – Facsimile

By: */s/ Patricia B. Tomasco*
Patricia B. Tomasco (SBN 01797600)
Devin van der Hahn (SBN 24104047)
pattytomasco@quinnemanuel.com
devinvanderhahn@quinnemanuel.com

**Co-Counsel to the Official Committee of Unsecured Creditors**

**EXHIBIT A**
**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS**

| **CATEGORY OF TIMEKEEPER** (using categories already maintained by the firm) | **BLENDED HOURLY RATE** | |
|---|---|---|
| | BILLED OR COLLECTED Firm or offices for preceding year excluding bankruptcy | BILLED In this fee application |
| Partner | $1,021.20 | $1,150.00 |
| Of Counsel | $861.51 | N/A |
| Associate | $698.10 | $832.50 |
| Paraprofessional | $277.32 | $330.00 |
| All Timekeepers Aggregate | $779.76 | $770.83 |
| Attorneys Only | $829.16 | $896.00 |

Case Name: Halcón Resources Corporation, *et al.*
Case Number: 19-34446
Applicant's Name: Quinn Emanuel Urquhart & Sullivan, LLP
Date of Application: November 8, 2019
Interim or Final: Final

**EXHIBIT B**
**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION | FEES BILLED IN THIS APPLICATION | HOURS BILLED IN THIS APPLICATION | HOURLY RATE BILLED IN THIS APPLICATION | HOURLY RATE BILLED IN FIRST INTERIM APPLICATION | NUMBER OF RATE INCREASES SINCE CASE INCEPTION |
|---|---|---|---|---|---|---|---|---|
| Patricia B. Tomasco | Partner | Bankruptcy | 11/10/1988 | $68,770.00 | 59.8 | $1,150.00 | N/A | N/A |
| Daniel Holzman | Of Counsel | Bankruptcy | 07/12/1999 | $2,090.00 | 2.2 | $950.00 | N/A | N/A |
| Razmig Izakelian | Associate | Bankruptcy | 12/04/2013 | $3,373.50 | 3.9 | $865.00 | N/A | N/A |
| Devin van der Hahn | Associate | Bankruptcy | 08/14/2014 | $56,416.00 | 65.6 | $860.00 | N/A | N/A |
| Stella Li | Associate | Bankruptcy | 03/18/2019 | $20,174.00 | 30.8 | $655.00 | N/A | N/A |
| Barbara J. Howell | Paralegal | Bankruptcy | N/A | $18,216.00 | 55.2 | $330.00 | N/A | N/A |

Case Name: Halcón Resources Corporation, *et al*.
Case Number: 19-34446
Applicant's Name: Quinn Emanuel Urquhart & Sullivan, LLP
Date of Application: November 8, 2019
Interim or Final: Final

# EXHIBIT C-1
# BUDGET

If the parties consent or the court so directs, a budget approved by the client in advance should generally be attached to each interim and final fee application filed by the applicant. If the fees sought in the fee application vary by more than 10% from the budget, the fee application should explain the variance. No budget was submitted.

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | | |
| Asset Disposition | | |
| Assumption and Rejection of Leases and Contracts | | |
| Avoidance Action Analysis | | |
| Bankruptcy (Case) | | |
| Business Operations | | |
| Case Administration | | |
| Claims Administration and Objections | | |
| Corporate Governance and Board Matters | | |
| Employee Benefits and Pensions | | |
| Employment and Fee Applications | | |
| Employment and Fee Application Objections | | |
| Financing and Cash Collateral | | |
| Litigation: Contested Matters and Adversary Proceedings (not otherwise within a specific project category) – identify each separately by caption and adversary number, or title of motion or application and docket number) | | |
| Meeting and Communications with Creditors | | |
| Non-Working Travel | | |
| Plan and Disclosure Statement | | |
| Real Estate | | |
| Relief from Stay and Adequate Protection | | |
| Reporting | | |
| Tax | | |
| Valuation | | |
| Total | | |

Case Name: Halcón Resources Corporation, *et al.*
Case Number: 19-34446
Applicant's Name: Quinn Emanuel Urquhart & Sullivan, LLP
Date of Application: November 8, 2019

# EXHIBIT D-1
# SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY

| PROJECT CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Asset Analysis and Recovery | | | | |
| Asset Disposition | | | | |
| Assumption and Rejection of Leases and Contracts | | | | |
| Avoidance Action Analysis | | | | |
| Bankruptcy (Case) | | | | |
| Business Operations | | | | |
| Case Administration | | | 71.8 | $54,426.50 |
| Claims Administration and Objections | | | | |
| Corporate Governance and Board Matters | | | 2.2 | $2,090.00 |
| Employee Benefits and Pensions | | | | |
| Employment and Fee Applications | | | 18.5 | $6,679.00 |
| Employment and Fee Application Objections | | | | |
| Financing and Cash Collateral | | | | |
| Litigation: Contested Matters and Adversary Proceedings (not otherwise within a specific project category) – identify each separately by caption and adversary number, or title of motion or application and docket number) | | | | |
| Meeting and Communications with Creditors | | | | |
| Non-Working Travel | | | 1.3 | $559.00 |
| Plan and Disclosure Statement | | | 123.7 | $104,726.00 |
| Real Estate | | | | |
| Relief from Stay and Adequate Protection | | | | |
| Reporting | | | | |
| Tax | | | | |
| Valuation | | | | |
| Total | | | 217.5 | $168,480.50 |

Case Name: Halcón Resources Corporation, *et al*.
Case Number: 19-34446
Applicant's Name: Quinn Emanuel Urquhart & Sullivan, LLP
Date of Application: November 8, 2019
Interim or Final: Final

**EXHIBIT 1**

quinn emanuel trial lawyers
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | DC | LONDON | MANNHEIM | TOKYO | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | HOUSTON | BOSTON | BRUSSELS | SEATTLE | ZURICH | SHANGHAI | STUTTGART | PERTH | SALT LAKE CITY |

October 09, 2019

Official Committee of Unsecured Creditors of Halcon
1000 Louisiana St.
Suite 1500
Houston, TX 77002

Matter #: 09411-00001
Invoice Number: 101-0000093307
Responsible Attorney: Patty Tomasco

Official Committee of Unsecured Creditors of Halcon

For Professional Services through October 07, 2019 in connection with representing the committee in the Halcon bankruptcy case.

| | |
|---|---|
| Fees | $169,039.50 |
| LESS: 50% DISCOUNT ON NON-WORKING TRAVEL | -$559.00 |
| Net Billed Fees | $168,480.50 |
| Expenses | $977.95 |
| Total Due This Invoice | $169,458.45 |

**Confidential – May include attorney-client privileged and work-product information**

## Statement Detail

**07 Case Administration**

| | | | | |
|---|---|---|---|---|
| 09/07/19 | PT | Coordinate information exchange with potential financial advisory candidates (.9). | 0.90 | 1,035.00 |
| 09/08/19 | PT | Review and revise notice of appearance. | 0.50 | 575.00 |
| 09/08/19 | PT | Telephone conferences with several potential financial advisors (.9); locate names list for retention pleadings and coordinate processing same against conflicts system (.6); follow up telephone conference with potential financial advisor about background (.4) follow up telephone conference with second potential financial advisor about background (.2). | 2.10 | 2,415.00 |
| 09/09/19 | PT | Review and revise draft Committee bylaws (.7); locate prior information protocols and coordinate drafting of same (.3). | 1.00 | 1,150.00 |
| 09/09/19 | PT | Prepare for and participate in conference call with G. Seketa and N. Ranzinger regarding Committee appointment and analysis of plan. | 0.90 | 1,035.00 |
| 09/09/19 | PT | Telephone conference with financial advisor candidate regarding case background and immediate needs (.5); prepare for and participate in Committee call to choose financial advisors (.3) | 0.80 | 920.00 |
| 09/09/19 | BH2 | Review the Pacer docket and begin to obtain pertinent motions and orders entered in the bankruptcy case (3.1); draft the Committee Bylaws (1.3); draft the Committee's Motion to Establish and Approve Information Sharing Methodology and Establishing Related Protocols and proposed order (2.3). | 6.70 | 2,211.00 |

| | | | | |
|---|---|---|---|---|
| 09/10/19 | BH2 | Complete Transcript Order Forms for the August 8, 2019, hearing and the September 4, 2019, hearing (.6) and file both (.4); review and index documents for a non-solicitation binder for P. Tomasco (.8). | 1.80 | 594.00 |
| 09/11/19 | PT | Prepare for and participate in Committee meeting with Opportune to identify issues and coordinate work flows (1.4); follow up email with N. Ranzinger and G. Seketa regarding issues with Committee applications and acting in ex officio members (.2); revise Committee bylaws to reflect appointment of chairman and secretary and to allow for ex officio members (.4); review and comment on motion to disband Committee (.4); coordinate with S. Li and V. Noskov regarding response to motion to disband Committee (.3). | 2.70 | 3,105.00 |
| 09/11/19 | SL3 | Review of Debtors' motion to disband Unsecured Creditors' Committee (0.2). | 0.20 | 131.00 |
| 09/12/19 | PT | Telephone conference with V. Noskov and S. Li regarding adopting prior briefing to fit response to motion to disband Committee (.4); review prior briefing and cases on 1102(a) and prior briefing in Ditech and United States Trustee's briefing in Ditech (.9); emails with H. Duran forwarding prior briefing (.3); conference with H. Duran regarding response to disbanding motion (.2); prepare for and participate in Committee call regarding motion to disband and court denying motion to continue, results of Opportune financial review (1.4). | 3.20 | 3,680.00 |
| 09/12/19 | PT | Attend to signatures on bylaws and protective order with Committee members. | 0.30 | 345.00 |

| | | | | |
|---|---|---|---|---|
| 09/12/19 | SL3 | Call regarding motion to disband Unsecured Creditors' Committee with P. Tomasco (0.5); research and review pleadings for motion to disband (1.4); draft objection to motion to disband (0.9) review docket items for factual background (0.5). | 3.30 | 2,161.50 |
| 09/13/19 | PT | Emails with S. Li regarding draft objection to motion to disband (.3); prepare for and participate in Committee conference call (.7). | 1.00 | 1,150.00 |
| 09/13/19 | SL3 | Confer with D. van der Hahn regarding factual background of motion to disband (0.5); research and draft objection to motion to disband (4.0). | 4.50 | 2,947.50 |
| 09/13/19 | BH2 | Review emails received from ECF and calendar hearing dates and deadlines. | 0.40 | 132.00 |
| 09/14/19 | SL3 | Research and draft objection to motion to disband (12.4). | 12.40 | 8,122.00 |
| 09/15/19 | PT | Review and edit objection to motion to disband and review applicable case law (1.4). | 1.40 | 1,610.00 |
| 09/16/19 | SL3 | Review P. Tomasco revisions and revise draft objection to motion to disband (0.7); correspondence with P. Tomasco, B. Howell and D. van der Hahn regarding motion to disband exhibit list (0.4). | 1.10 | 720.50 |
| 09/16/19 | PT | Extensive review and revisions to objection to motion to disband (3.1); coordinate exhibits to objection to motion to disband (.6). | 3.70 | 4,255.00 |
| 09/16/19 | BH2 | Review documents received by P. Tomasco (used for exhibits on the Exhibit List for the hearing on the Motion to Disband (.8); obtain pleadings for the Pleading Notebook (.4); review and revise the Objection to the Motion to Disband and | 2.30 | 759.00 |

| | | | | |
|---|---|---|---|---|
| | | forward comments to S. Li and P. Tomasco (1.1). | | |
| 09/17/19 | SL3 | Call with D. van der Hahn regarding Sammons departure from Committee (0.4); revise and finalize objection to disbandment motion and exhibit list (2.6). | 3.00 | 1,965.00 |
| 09/17/19 | PT | Continue coordinating exhibit list and exhibits to motion to disband (.8); review and finalize objection to motion to disband Committee (1.5). | 2.30 | 2,645.00 |
| 09/17/19 | BH2 | Finalize and file Witness and Exhibit List for Motion to Disband the Committee (1.1); obtain all exhibits corresponding the Exhibit List and send to all parties required under Local Rules (.3); contact the Debtors' for missing exhibits not available on Pacer (.3); prepare Exhibit Books for court (.6); and prepare Exhibit Book of the Debtors' Exhibits (.6). Finalize and file the Objection of the Committee to the Motion to Disband (.5). | 3.40 | 1,122.00 |
| 09/18/19 | SL3 | Review docket items regarding disbandment of Unsecured Creditors' Committee (0.2). | 0.20 | 131.00 |
| 09/18/19 | PT | Review and analyze United States Trustee's objection to motion to disband Committee (.3); emails with N. Collery regarding same and indication of intent to continue trading from M. Sammons (.4); email to M. Sammons regarding prohibition against trading (.2); prepare for and attend hearing on motion to disband Committee (1.4). | 2.30 | 2,645.00 |
| 09/18/19 | DVH | Prepare for hearing, including argument preparation, review of pleadings and exhibits, and analysis of case law (5.3); attend hearing (1.8). | 7.10 | 6,106.00 |
| 09/18/19 | BH2 | Update Pleading Notebook and | 2.30 | 759.00 |

| | | | | |
|---|---|---|---|---|
| | | Index with pleadings filed late yesterday (.4); handle final preparations and attend first part of the hearing on the Motion to Disband (1.9). | | |
| | | SUBTOTAL | 71.80 | 54,426.50 |

**09 Corporate Governance and Board Matters**

| | | | | |
|---|---|---|---|---|
| 09/10/19 | DH3 | Revise governance term sheet (2.2). | 2.20 | 2,090.00 |
| | | SUBTOTAL | 2.20 | 2,090.00 |

**11 Employment and Fee Applications**

| | | | | |
|---|---|---|---|---|
| 09/24/19 | PT | Review invoice and coordinate drafting of fee application. | 0.50 | 575.00 |
| 09/24/19 | BH2 | Begin to draft the Application to Retain Quinn Emanuel as Committee Counsel. | 4.30 | 1,419.00 |
| 09/30/19 | PT | Coordinate drafting retention pleadings. | 0.20 | 230.00 |
| 10/02/19 | BH2 | Continue to draft Application to Retain Quinn Emanuel and draft the Declaration of Patricia B. Tomasco. | 4.30 | 1,419.00 |
| 10/03/19 | BH2 | Draft the Declaration of Edward Collery and revise the Application and the Tomasco Declaration. | 1.10 | 363.00 |
| 10/04/19 | BH2 | Draft proposed Order for Application to Retain Quinn Emanuel (.6); prepare Schedules 1 and 2 for the Tomasco Declaration (.9); forward the Retention Application and related documents to P. Tomasco for review (.1). | 1.60 | 528.00 |
| 10/06/19 | BH2 | Draft Retention Application, proposed Order, and Declaration on behalf of Opportune. | 2.50 | 825.00 |
| 10/07/19 | BH2 | Email exchange with Gregg Laswell (Opportune) regarding status of retention pleadings (.3); revise Quinn | 4.00 | 1,320.00 |

| | | | | |
|---|---|---|---|---|
| | | Emanuel's Application to Retain and related documents to incorporate comments of P. Tomasco (.6); finalize Retention Application, Tomasco Declaration, Collery Declaration, and proposed Order (.5) and file same (.3); forward documents to Opportune to include with its Application to Retain (.3); work with Opportune to finalize its Retention Application, Bouley Declaration, and proposed Order (1.4); file Opportune's retention documents (.3); forward all documents to KCC for service (.3). | | |
| | | SUBTOTAL | 18.50 | 6,679.00 |

**15 Non-Working Travel**

| | | | | |
|---|---|---|---|---|
| 09/18/19 | DVH | Travel from New York City to Houston for hearing (half time) (1.3). | 1.30 | 1,118.00 |
| | | SUBTOTAL | 1.30 | 1,118.00 |

**16 Plan and Disclosure Statement**

| | | | | |
|---|---|---|---|---|
| 09/07/19 | PT | Review plan, disclosure statement, and plan supplement (.6). | 0.60 | 690.00 |
| 09/08/19 | PT | Emails to A. Perez regarding opening dialogue (.3); review and analyze plan and disclosure statement (1.1). | 1.40 | 1,610.00 |
| 09/09/19 | PT | Coordinate research regarding counting of votes of custodians versus beneficial holders based (.2); review and execute protective order (.2); telephone conference with A. Perez regarding request for extension of time to object to confirmation and moving confirmation hearing (.3); email report to Committee and follow up emails regarding questions (.1). | 0.80 | 920.00 |
| 09/09/19 | PT | Review and analysis of plan supplement and search for | 4.40 | 5,060.00 |

| | | | | |
|---|---|---|---|---|
| | | public/private post-confirmation information to ascertain need for minority shareholder rights (1.1); email to D. Holzman regarding drafting markup to governance term sheet to address minority shareholder rights (.3); prepare for and participate in conference call to discuss potential plan objections (.5); emails to other bond holders regarding potential balloting issues (.4); telephone conference with R. Bouley regarding immediate valuation and analysis needed for plan objection evaluation and email information gathered to date and protective order (1.1); emails with S. Li and A. Soler regarding help on potential voting issue raised by Loomis and JPM (.3); follow up emails with S. Li regarding same (.2); emails with A. Perez and L. Tauro regarding production of ballots (.1); review voting procedures for analysis of when ballot summary is due (.4); | | |
| 09/09/19 | BH2 | Prepare a notebook for P. Tomasco of solicitation documents (.6); calendar confirmation dates/disclosure statement dates and deadlines (.4) | 1.00 | 330.00 |
| 09/09/19 | SL3 | Review and analyze cases regarding voting issues and correspondence with P. Tomasco regarding same (0.7). | 0.70 | 458.50 |
| 09/09/19 | DVH | Research support for motion to continue plan confirmation timeline (2.0); supplement research on voting rights of beneficial holders versus record holders (1.1). | 3.10 | 2,666.00 |
| 09/10/19 | SL3 | Legal research regarding vote counting requirement and summary regarding same to P. Tomasco and D. van der Hahn (3.3). | 3.30 | 2,161.50 |
| 09/10/19 | PT | Online research regarding vote counting of beneficial holder versus | 6.30 | 7,245.00 |

| | | | | |
|---|---|---|---|---|
| | | custodian (.3); email to S. Li regarding guideposts for research topic (.3); review and comment on M. Sammons research on voting issue (.2); telephone conferences with G. Seketa regarding voting affidavit (.1); review and coordinate Opportune signed protective order (.1); telephone conference with Loomis regarding ballot counts and draft affidavit regarding same (.9); emails to G. Seketa and N. Ranziger regarding need for voting data due to Debtors' refusing to send ballots (.5); review and coordinate indexing of discovery sent to M. Sammons (.9); draft and finalize proposed stipulation extending confirmation objection deadline and forward to A. Perez (.9); draft and revise requests for production to Debtors (1.1); emails with L. Tauro regarding need for stipulation (.2); review and revise motion to continue confirmation hearing and forward to client for comment (.8); | | |
| 09/10/19 | BH2 | Draft discovery to be served on the Debtors. | 2.70 | 891.00 |
| 09/10/19 | BH2 | Review Order Scheduling Combined Hearing on Adequacy of the Disclosure Statement and Confirmation of the Plan (.5) and draft proposed Stipulation and Agreed Order granting additional time for the Committee to object to confirmation (1.4). | 1.90 | 627.00 |
| 09/10/19 | DVH | Continue to research support for motion to continue plan confirmation timeline (2.0); draft outline of motion to continue (1.3); draft motion to continue (2.9). | 6.20 | 5,332.00 |
| 09/11/19 | SL3 | Draft and revise section of motion to continue confirmation hearing on voting issues and confer with D. van | 1.50 | 982.50 |

| | | | | |
|---|---|---|---|---|
| | | der Han and P. Tomasco regarding same (1.2); review of documents request (0.3). | | |
| 09/11/19 | PT | Draft and revise T. Day business records affidavit to show voting by Loomis and duplicate for JPM (.8); emails with T. Day and G. Seketa to get voting information to overcome lack of production of ballots by Debtors (.5); emails with Opportune regarding areas for inquiry on liquidation analysis (.2); request midstream contracts to analyze basis for inclusion of rejection damages in same (.2); email form affidavit to G. Seketa and N. Ranzinger (.1); telephone conference with T. Day regarding changes to affidavit (.3); emails regarding getting hearing on motion to continue confirmation hearing (.2); emails with S. Richter with JPM regarding voting affidavit (.2); finalize and coordinate service of request for production of documents to Debtors (.5); review and revise motion for continuance (.8); email to Clients for comment (.1); review email from Debtors with ballots and ballot summary (.1); coordinate retrieving file transfer (.3); review ballots and draft ballot summary and email to Committee members regarding same (.4); email to L. Tauro regarding designating ballots as confidential (.1). | 4.80 | 5,520.00 |
| 09/11/19 | BH2 | Download and review documents received from Debtors regarding ballots. | 0.80 | 264.00 |
| 09/11/19 | BH2 | Draft the First Request for Production of Documents to Halcon and forward to P. Tomasco for review (1.7); forward First Request for Production of Documents, via email, to Debtors' counsel (.3). | 2.00 | 660.00 |

| | | | | |
|---|---|---|---|---|
| 09/11/19 | BH2 | Draft Proposed Order for the Emergency Motion to Continue Hearings and Objection Deadlines (.9); review and revise the Emergency Motion (1.5). | 2.40 | 792.00 |
| 09/11/19 | DVH | Continue drafting and finalize Motion to Continue (6.1); begin researching vote designation issues (3.7). | 9.80 | 8,428.00 |
| 09/12/19 | PT | Prepare for and participate in conference call to discuss prioritization and scope of discovery to Debtors (.6); finalize and coordinate filing and service of motion to continue (.8); emails with Committee regarding multiple attempts by Ducera to converse with Committee members (.2); coordinate with R. Izakelian regarding research on 1123(a)(4) discrimination contours in majority/minority context and follow up telephone conference regarding same (.1); review Opportune results of call with FTI and comment on apparent intent to change liquidation analysis for confirmation (.2). | 1.90 | 2,185.00 |
| 09/12/19 | RI | Conference with P. Tomasco regarding rights offering (0.1). | 0.10 | 86.50 |
| 09/12/19 | BH2 | Revise proposed Order (.4); finalize (.4) and file the Emergency Motion and the proposed Order (.4); telephone call and email with KCC regarding service of same (.3) | 1.50 | 495.00 |
| 09/12/19 | DVH | Research law on vote designation. | 3.30 | 2,838.00 |
| 09/13/19 | SL3 | Call with Opportune and Committee members regarding liquidation analysis (0.6). | 0.60 | 393.00 |
| 09/13/19 | PT | Review status of document production (.2); emails with L. Tauro regarding timeline for production (.2); review status of objection to | 3.60 | 4,140.00 |

| | | | | |
|---|---|---|---|---|
| | | confirmation (.3); comment on proposed governance term sheet markup (.2); review status of ballot count and issues relating to interpretation of master ballots and mistakes made by KCC in same (1.1); review disclosure statements from companies with rights offerings to distinguish lack of disclosure for non-participating note holders and emails with D. van der Hahn regarding argument and calculation of non-participation dividend (.9); coordinate high priority discovery items with L. Tauro and R. Bouley (.3); coordinate with R. Izakelian regarding discrimination research (.4). | | |
| 09/13/19 | BH2 | Review and analyze ballot summaries. | 2.80 | 924.00 |
| 09/13/19 | DVH | Join Committee conference call (.4); discuss updates on research for vote designation (.2); review plan documents (Plan, Disclosure Statement, and Plan Supplement)(1.0); draft plan objection (2.1); prepare strategy for plan objection (1.1). | 4.80 | 4,128.00 |
| 09/14/19 | DVH | Begin research for plan objection (3.2); review forms on system for plan objection (1.1); draft outline of proof for plan objection (1.2). | 5.50 | 4,730.00 |
| 09/15/19 | PT | Research issues relevant to objection to disclosure statement and forward to D. van der Hahn (.8); telephone conference with N. Collery regarding Ducera lobbying efforts with Committee members and follow up research regarding same (.6); additional research regarding plan objections (.2); review discrimination research and coordinate inclusion of same with D. van der Hahn (.5); prepare for and participate in | 4.80 | 5,520.00 |

| | | | | |
|---|---|---|---|---|
| | | Committee conference call (1.6); review and comment on M. Sammons data points to use in objection to confirmation of plan and coordinate with D. van der Hahn to include and other drafting points on briefing (1.1). | | |
| 09/15/19 | BH2 | Review ballots received from the Debtors and determine if any ballots are missing on the ballot summary. | 4.50 | 1,485.00 |
| 09/15/19 | DVH | Begin crafting plan objection from research and outline. | 6.90 | 5,934.00 |
| 09/15/19 | RI | Legal research regarding rights offerings and section 1123(a)(4) (3.8). | 3.80 | 3,287.00 |
| 09/16/19 | PT | Finalize vote tally by resolving remaining issues and corrections of counting of master ballots (.2); email to A. Perez to further prioritize Opportune document requests to complete Unsecured Creditors' Committee view of liquidation analysis (.1); work on proposed exhibit and witness list (.9); message to Paul Weiss regarding opening dialogue (.2); forward plan objection to Opportune to check distribution math (.2); forward document production to Opportune with comments (.3). | 1.90 | 2,185.00 |
| 09/16/19 | DVH | Review and analyze precedent objections to plans (3.1); research best interests test and liquidation valuation (2.8); finalize draft of plan objection (2.7). | 8.60 | 7,396.00 |
| 09/17/19 | PT | Prepare for and participate in Committee conference call regarding theories for plan objection and coordinating finalization of liquidation analysis and timing (1.1); review and revise and coordinate finalization of exhibit list (1.3); review and revise objection to confirmation and disclosure statement (2.4); | 5.50 | 6,325.00 |

| | | | | |
|---|---|---|---|---|
| | | coordinate filing and notice of objections (.3); telephone conference with R. Bouley and N. Collery regarding M. Sammons resignation (.4). | | |
| 09/17/19 | DVH | Discuss plan objection with G. Laswell and R. Bouley (Opportune) (.6); discuss plan objection with P. Tomasco (.4); supplement research for plan objection (2.1); revise plan objection based on supplemental research and comments from team (5.9). | 9.00 | 7,740.00 |
| 09/17/19 | BH2 | Review, finalize, and file the Committee's Objection to the Plan and Disclosure Statement. | 0.90 | 297.00 |
| | | SUBTOTAL | 123.70 | 104,726.00 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Patty Tomasco | PT | Partner | 59.80 | 1,150.00 | 68,770.00 |
| Daniel Holzman | DH3 | Counsel | 2.20 | 950.00 | 2,090.00 |
| Razmig Izakelian | RI | Associate | 3.90 | 865.00 | 3,373.50 |
| Devin van der Hahn | DVH | Associate | 65.60 | 860.00 | 56,416.00 |
| Stella Li | SL3 | Associate | 30.80 | 655.00 | 20,174.00 |
| **Case Assistants** | **Init.** | **Title** | **Hours** | **Rate** | **Amount** |
| Barbara J Howell | BH2 | Paralegal | 55.20 | 330.00 | 18,216.00 |

## Expense Summary

| Description | | Amount |
|---|---|---|
| Hearing transcript | | 138.00 |
| Online Research | | 228.45 |
| Document Reproduction | 0.10 | 31.60 |
| Telecopier | | 2.20 |
| Travel | | 67.00 |
| Color Document Reproduction | 0.10 | 0.60 |

| Description | | Amount |
|---|---|---|
| Word processing | | 0.00 |
| Velobind | | 0.00 |
| Out-of-Town Travel | | 130.80 |
| Air travel | | 342.30 |
| Other | | 37.00 |
| | Total Expenses | $977.95 |

quinn emanuel trial lawyers
quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | DC | LONDON | MANNHEIM | TOKYO | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | HOUSTON | BOSTON | BRUSSELS | SEATTLE | ZURICH | SHANGHAI | STUTTGART | PERTH | SALT LAKE CITY |

## Current Invoice Summary

Matter Name : Official Committee of Unsecured Creditors of Halcon

Matter #: 09411-00001
Bill Date: October 09, 2019
Invoice Number: 101-0000093307

Total Fees....................$168,480.50
Expenses....................$977.95
Total Due this Invoice....................$169,458.45

**Please reference invoice number and send check to:**

**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

| | |
|---|---|
| Or Wire funds to: | City National Bank<br>555 South Flower St., 12th Floor<br>Los Angeles, CA 90071 |
| Account Info: | Quinn Emanuel Urquhart & Sullivan, LLP |
| Bank Account: | Deposit Account #210032347 |
| Bank ABA No.: | 1220-16066 |
| Swift Code: | CINAUS6L |
| ***References:*** | ***Invoice number and client name / matter number please*** |

Tax ID# 95-4004138

REMITTANCE